DELTA ORCHARDS CO. v. GREGORY et al.
No. 8605.

Court of Civil Appeals of Texas. San Antonio.
April 22, 1931.

Rehearing Granted and Judgment Affirmed June 10, 1931.

Rehearing Overruled July 8, 1931.

Jesse G. Foster, of Raymondville, for appellant.

Bryce Ferguson, of Edinburg, and Tom L. Hartley, of Pharr, for appellees.

FLY, C. J.

Appellees applied for writs of garnishment against appellant and Lloyd M. Bentsen, alleging that they had instituted a suit against T. W. McNear. There were two suits in garnishment against appellant by appellees, which were consolidated. After the garnishment suits were filed, appellees recovered judgment against McNear. The ground of dispute is that a judgment by default was taken by appellees, the claim being that appellant was not cited according' to law.

The facts are that on August 8, 1930, two citations were left in the office of the vice presi-

dent and sales manager of appellant, at Raymondville, Willacy county, Tex. The citations were not delivered by the sheriff to any one, but were left in the office with the stenographer of the sales manager. The manager received the citations on August 31, and the judgment by default was rendered on September 2, 1930.

The statute (article 2029, R. S.) as to service on joint-stock companies and incorporated companies is as follows: "In suits against any incorporated company or joint stock association, the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent of such company or association in the county where suit is brought, or by leaving a copy of the same at the principal office of the company during office hours. If neither the president, secretary or treasurer reside in the county in which suit is brought, and such company or association has no agent in the county, then the citation may be served upon any agent representing such company or association in the State."

The first part of the statute quoted is confined to officers and agents in the county in which the suit was instituted, and it is apparent from the record in this case that there was no officer or agent, and necessarily no general office, in the county where the suit was instituted. The latter part of the article confines the first part to officers or agents in Hidalgo county, where the suit was pending. The statute gives no authority for service by leaving citations in a general office, except where that general office is in the county where the suit is pending, and under the facts of this case the service could only be had by delivering the citations to an agent of the company anywhere in the state. The citations were not delivered to any such agent, as clearly appears from the return of the sheriff. If the answer had been received from Austin in time and had been filed, service would have been waived and appellant would have been legally in court. No answer, however, was filed. The motion to set aside the judgment by default should have been granted.

The judgment will be reversed, and the cause remanded.

### On Motion for Rehearing.

The construction of the statute in the original opinion is erroneous. The statute applies to the principal office in a county other than the one in which the suit was instituted and the citation left in the principal office in Willacy county was valid service.

A rehearing is granted, our former judgment set aside, and the judgment of the lower court is affirmed.