### SELF v. THOMPSON et al.
### No. 787.

Court of Civil Appeals of Texas. Eastland.

Jan. 30, 1931.

T. R. Odell, of Throckmorton, and Dickson & Dickson, of Seymour, for appellant.

B. F. Reynolds and Jeff A. Fowler, both of Throckmorton, for appellees.

HICKMAN, C. J.

The court below dismissed appellant's suit for want of jurisdiction and the appeal is from the judgment of dismissal. Appellant declared upon a promissory note in which Thompson Bros., E. L. Thompson, and D. D. Phillips were the makers, and Texhoma Oil & Refining Company was the payee. The note was dated January 28, 1925, for the principal sum of $729.80, payable in three equal installments of $243.27 on or before the 28th day of · February, March, and April, 1925, respectively. The petition set out the note in full and alleged that said note bears the following indorsements:

| "2/25/25 | D. D. Phillips | | 243.27 |
| "3/25/25 | D. D. Phillips | | 243.27 |
| "5/25/25 | Cash 39.92 Cr. 10.08 | | 50.00 |
| "6/16/25 | Ck. | | 50.00 |
| "7/21/25 | Cash | | 9.18 |
| "8/10/25 | J. Lewis Jackson | | 11.09 |
| "9/3/25 | C's check | | 29.73" |

"Pay to the order of D. D. Phillips without recourse on Texhoma Oil & Refining Company, Texhoma Oil & Refining Co., E. H. Eddleman. By Vice President."

"This note was signed by D. D. Phillips as a surety only and the sum of $579.80 was paid by Phillips together with interest, which amount was transferred to D. D. Phillips by Texhoma Oil & Refining Company, and I, D. D. Phillips, hereby transfer the above amount to J. W. Cope and J. B. Self without recourse on me. D. D. Phillips."

It then alleged:

"That the payee of the note sued on herein Texhoma Oil & Refining Company, indorsed said note to D. D. Phillips on the 9th day of October, 1925, without recourse, and that D. D. Phillips indorsed said note to this plaintiff and J. W. Cope; that J. W. Cope is now deceased and that this plaintiff is the sole owner of all the assets of the former partnership of J. W. Cope and J. B. Self, and is therefore the present owner and holder of the said note."

The further allegation is made, "that said note is now past due and unpaid." A plea to the jurisdiction pointed out that the petition declared upon a note upon which there was due, by the allegations of the petition, an amount less than $500. The plea was sustained and the cause dismissed.

■ In our original opinion we affirmed the judgment of the trial court. It was our view of the law as it then existed that when a surety pays the note of his principal, as distinguished from cases where he purchases same from the payee, he cannot thereafter maintain an action on the note, as such, but must maintain a suit for reimbursement upon the implied promise of the principal to repay. The petition having shown that the surety had made payments on the note long prior to the time same was assigned to him, it was our conclusion that the assignment transferred to him only the balance due at the date thereof, which reduced the amount in controversy below the jurisdictional amount of the district court. Since our original opinion was handed down, our Supreme Court has released an opinion in the cause of Ben J. Fox, Independent Executor, v. J. H. Kroeger, 35 S.W.(2d) 679, in which the rule governing the right of a surety to maintain a suit against his principal is announced in the following language:

"From what we have said it follows that we now announce the rule in Texas to be that, where the surety pays the debt of the principal, he has his election to either pursue his legal remedies and bring an action on an assumpsit, or the obligation implied by law in his favor for reimbursement by the principal; or he can prosecute an action on the very debt itself, and in either event he stands in the shoes of the original creditor as to any securities and rights of priority. What we have already said applies with equal force to all debts whether represented by a negotiable instrument or not."

■ Applying that rule to the instant case, it is manifest that appellant's petition stated a cause of action of which the district court had jurisdiction. Granting that Phillips, the surety, actually paid the amounts credited on the note to him as payments, this fact would not prevent his maintaining a suit on the note itself. By the allegations of the petition the amount paid by Phillips was $579.80, besides interest. Such payment by him gave him a cause of action on the note for that amount, with interest and attorney's fees, and appellant has acquired, by the allegations of the petition, the same right to maintain suit on the note as that possessed by Phillips.

It is therefore our conclusion that, in the light of the recent opinion of the Supreme Court above mentioned, the judgment of the trial court dismissing the petition was erroneous. It will, of course, be understood by the parties that we are passing only on the question of jurisdiction, and nothing herein stated will be construed as an expression or holding by this court on the facts as they may be developed upon the trial of the cause.

For the reason indicated, our original opinion is withdrawn and this opinion substituted therefor; the order of this court heretofore entered affirming the judgment of the trial court is set aside, and, on rehearing, it is ordered that the judgment of the trial court be reversed, and the cause remanded.