## JONES v. STATE NAT. BANK OF IOWA PARK.

### No. 13228.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 27, 1935.

Rehearing Denied Oct. 25, 1935.

W. T. Locke and Bunnenberg & Shell, all of Wichita Falls, for plaintiff in error.

John C. Murphree, of Iowa Park, and P. B. Cox, of Witchita Falls, for defendant in error.

MARTIN, Justice.

On January 3, 1930, P. C. Jones executed and delivered to the First National Bank of Iowa Park, Tex., a note for the principal sum of $830.41, payable nine months after date. By its terms, said note was negotiable. At that time, and for some time thereafter, there were two banks operating in Iowa Park, the First National Bank and the First State Bank.

Subsequently, both banks voluntarily went into a process of liquidation, organizing a new institution known as the State National Bank, which is the defendant in error here. The new bank took over all the assets and assumed all the liabilities of the two old banks, that is, it took over all assets that could legally be carried under its national charter and under the banking laws and regulations of the National Banking Department of the general government. Among the assets of the two old banks, there were several tracts of land and quite a lot of long-past-due commercial paper (including the P. C. Jones note), which could not be handled by the new bank. So, in order to provide an easily accessible holding company for this character of property, the directors organized and duly chartered the State National Company, under the laws of Texas which acted as a trustee for the two old banks and the new bank, and held this character of assets (including the P. C. Jones note), for adjustment and disposition as might be to the best interest of the parties concerned. John C. Murphree, president of this State National Company, was also president of the First National Bank, and had authority to make such transfers as was necessary and proper at all times, and the new bank had the right under contract, to take assets out of the holding company, substituting therefor other papers of equal face value.

In November, 1933, P. C. Jones had a deposit in the State National Bank of $350, and the said John C. Murphree, as president of the First National Bank, transferred the Jones' note to defendant in error by indorsement, and the bank, on November 15, 1933, appropriated and applied this $350 on the $830.41 note, leaving a balance of $480.41, for which the bank instituted this suit.

On November 21, 1933, P. C. Jones executed and delivered to plaintiff in error, Reeder P. Jones, an assignment or bill of sale conveying a number of livestock, farm implements, and other property, including "claims and balances against any bank in Wichita County, Texas." Upon this assignment, the plaintiff in error was permitted to intervene and set up his claim to the deposit of $350 which had been applied by the bank, as above stated. Defendant P. C. Jones made no defense to the action except to file a general exception and a general denial, and made no effort at the trial to resist judgment.

Upon the facts, as above substantially stated, the trial court submitted a special issue as follows: "Find from a preponderance of the evidence if the State National Bank, of Iowa Park, Texas, owned the P. C. Jones note on November 15, 1933? Answer yes or no." To which the jury answered, "No."

On motion, the court set aside the verdict of the jury and granted judgment for plaintiff non obstante veredicto on the ground, as stated in the judgment, "that such cause should not have been submitted to the jury and that plaintiff was entitled to an instructed verdict."

Intervener duly excepted the judgment overruling his motion for a new trial and brings the case to this court by writ of error.

Counsel for appellant presents three assignments of error attacking the judgment of the court, but as they all relate to the same contention, we will discuss them as one, to wit, that the trial court erred in rendering judgment contrary to the verdict of the jury on question of the ownership of the note at the time the deposit of $350 was applied as a payment on said note.

The note itself, as set forth in the statement of facts, bears the indorsement:

"Pay to the order of the State National Bank.

"First National Bank of Iowa Park, Texas.
 "By: John C. Murphree, President."

 Mr. Murphree identified the instrument and his indorsement and explained at length how it came into the possession of the holder, and there was no testimony to the contrary. The entry of the credit of $350 on the back of it shows date 11/15/35 —seven days before the execution of the bill of sale to plaintiff in error on Novem-

ber 22, 1933. Neither by pleading nor by proof was it shown that the bank had any notice of the claim of the intervener at the time it received the note or appropriated the deposit. It is true that courts and juries are not bound by the testimony of any interested party, but it is equally true that when a negotiable instrument is presented in court, properly indorsed, the indorsee is presumed to be its owner under the Negotiable Instruments Act, article 5935, § 59, R. S. 1925, and the burden of disproving such ownership is upon the party denying it, the intervener in this case. This he did not and could not do, for his own evidence of ownership was dated a week later, after the deposit had been entirely exhausted. Just how the jury found that the bank was not the owner of the note on November 15, 1933, is a problem for the psychologists to decide. We can only say that all the evidence and all the presumptions of law were to the contrary.

The motion for an instructed verdict should have been granted, but as it was not, the trial court very wisely and quite promptly availed himself of the statute recently enacted allowing him to enter judgment non obstante. His judgment is affirmed.