**PROCTOR et al. v. ASSOCIATES INV. CO.**

No. 12349.

Court of Civil Appeals of Texas. Galveston.

Jan. 10, 1952.

Rehearing Denied Jan. 31, 1952.

Bernard A. Golding, of Houston, for appellants.

Robert L. Sonfield, Nat Friedman, of Houston, for appellee.

CODY, Justice.

Plaintiff, a finance company, sued defendant, a used-car dealer, to recover the unpaid principal, interest and attorney's fees due on four certain promissory, purchase money notes which were payable to defendant, and which had been executed and delivered to him by various purchasers of motor vehicles.

The defendant's answer was verified, and contained special denials to the various paragraphs of plaintiff's petition, and also contained a general denial. Defendant also brought a cross-action against plaintiff, which has gone out of the case on appeal.

At the conclusion of plaintiff's evidence, and again at the conclusion of all the evidence, defendant moved for a directed verdict on the main suit. The motion was oral, but no objection apparently was levelled there against by plaintiff because of that fact, or because of other informality in the motion, or in its presentation.—The court refused the motion and submitted the case, so far as concerned the main suit, upon two special issues, which were answered in favor of plaintiff.

Defendant then moved for judgment non obstante veredicto, and also moved the court to disregard the jury's answers to Special Issues Nos. 1 and 2. Plaintiff moved for judgment on the verdict. The court granted plaintiff's motion, and accordingly rendered judgment for it.

Defendant predicates his appeal upon four formal points. His first point being, "There was a distinct, material variance between the allegations in Plaintiff's Petitions and the proof offered by it, in that its pleadings recited that J. M. Proctor, [i. e. defendant] alone, executed the assignments sued upon, whereas, the sole testimony shows that J. M. Proctor, Jr.,—*not a party to this suit*—executed such instruments; all of which was duly and timely brought to the attention of the Trial Court."

The sense of defendant's first point, as this court has no difficulty in determining, is that the trial court permitted plaintiff to prove that plaintiff acquired the ownership of the four notes and mortgages in question by means of transfers which were executed by J. M. Proctor, Jr., purportedly acting under the written authority of J. M. Proctor, though plaintiff's petition contained no allegation that J. M. Proctor, Jr. was authorized by J. M. Proctor to make such assignments. The point is, we believe, without merit. Defendant is mistaken in his construction of plaintiff's petition.

The allegations of plaintiff's petition, setting forth how it acquired ownership of

the notes sued on, and the chattel mortgages involved, were couched in this general language:

## "VI.

"That for valuable consideration, all of the aforesaid promissory notes were duly transferred and assigned to the Plaintiff herein, and that said Plaintiff is the owner of said notes and all rights thereunder, and is entitled to bring this suit.

## "VII.

"That at the time of the execution of all of the aforesaid notes, the respective persons did execute and deliver their chattel mortgages against the vehicles described therein, securing the said indebtedness, and by virtue of the assignment of said notes and the chattel mortgage liens therein, the Plaintiff acquired the rights thereunder."

Defendant's answer levelled no special exceptions to the aforesaid allegations, setting forth how plaintiff acquired title to the notes in question. And, even before the adoption of Texas Rules of Civil Procedure 90 and 91, the foregoing quoted allegations would have authorized plaintiff to prove that the notes in question were duly transferred to it. And the court did not err in admitting, over defendant's objection, the following evidence:

(1) That it was the business practice of plaintiff to require any person, firm or corporation desiring to sell it commercial paper and mortgages to furnish plaintiff with the specimen signature of each person authorized by said firm, person, or corporation to represent him, them, or it, in so transferring same to plaintiff; and

(2) That pursuant to said business practice, defendant did, on March 8, 1946, execute such a written authorization, naming J. M. Proctor, Jr. as having such authority, which said authorization also exhibited a specimen of the signature of the said J. M. Proctor, Jr.; and

(3) That pursuant to such authority each transfer of the notes sued on by plaintiff, and the mortgages securing the payment thereof, was duly executed by J. M. Proctor, Jr.

The foregoing general allegations quoted above clearly allege that plaintiff became the owner of the notes in question, and that the method by which such ownership was acquired was that of transfer and assignment. In other words, the allegations are broad enough to admit evidence of the method by which plaintiff acquired ownership of the notes sued on. Citizens' National Bank of Waco v. Billingsley, Tex.Civ.App., 300 S.W. 648, 649; Jones v. State National Bank of Iowa Park, Tex.Civ.App., 87 S.W.2d 774, 776. There was no variance between the plaintiff's allegations and its proof in substantiation thereof, and defendant's first point is overruled.

What has been said also requires that we overrule defendant's second point as being without merit. It reads: "There was neither pleading nor proof that any person was authorized to execute said endorsements for and on behalf of this defendant, in the absence of which judgment should not have been rendered against him, in view of the numerous objections and motions."

Defendant's third point reads: "Reversible error was committed by the trial court in submitting special issues Nos. 1 and 2 because such issues were not made by the pleadings in the case." This point is also based ultimately upon defendant's mistaken view that plaintiff could not prove the authority of defendant's representative under the aforesaid general pleading, where such proof was necessary in order to establish the acquisition of ownership, which plaintiff had alleged in general terms, and which had not been specially excepted to. The point is overruled.

Defendant's fourth point is also based upon the same mistaken view, and reads: "The judgment rendered *does not* conform to the pleadings of plaintiff in that plaintiff's pleadings recite that J. M. Proctor, alone, signed the endorsements in question, whereas, all of the evidence shows that J. M. Proctor, Jr., a *different person*, executed the documents in question; ergo, the judgment as rendered was not responsive to any pleadings in the case, and is one in which the trial court had no power to

render." We overrule the point. Had plaintiff in its pleadings descended to such particular allegations, as defendant fathers upon it, then of course plaintiff would not have been entitled to introduce the evidence that the assignment by J. M. Proctor, Jr., was authorized.

Judgment is affirmed.