GREAT ATLANTIC & PACIFIC TEA
CO. v. SMITH et ux.
No. 12462.

Court of Civil Appeals of Texas.
Galveston.
Nov. 6, 1952.

Rehearing Denied Dec. 4, 1952.

John N. Touchstone, of Dallas, for appellant.

Burns & Grumbles and Harry H. Burns, of Houston, for appellees.

CODY, Justice.

This was a suit by appellees Curtis William Smith and Willie Fay Smith to recover from appellant damages on account of personal injuries sustained by the said Willie Fay Smith while an employee of appellant. Trial to a jury resulted in a verdict for $10,000.00, and judgment was accordingly rendered for appellees against appellant.

Appellees alleged in substance, among other things, that on the 5th day of August, 1950, while she was employed as a clerk in the meat department of appellant's grocery store in Galveston, Mrs. Smith sustained the personal injuries in question when a fellow servant, Richard Still, picked up a frame or section of slats which was back of the counter preparatory to sweeping the floor under such slats on which Mrs. Smith was standing. Appellees' pleading continues in this language: "Plaintiffs allege that Defendant, its said agents, servants and employees was and were negligent and guilty of negligence in the following particulars, to-wit:

"(1). In lifting said slats while Mrs. Smith was Standing on them.

"(2). In failing to keep a proper lookout for Mrs. Smith before lifting said slats. * * * *."

The appellant answered by an exception to the sufficiency of the allegations to state a cause of action; by a general denial; and by a special plea of unavoidable accident.

At the conclusion of the evidence appellant moved for a directed verdict, which was refused. Appellant also objected and excepted to each of the special issues, other than special issue No. 5, which the court submitted to the jury. Special Issue No. 5 was the defensive issue of "unavoidable accident."

So far as material to this appeal, the jury answered the special issues as follows: (1) That the act of an agent, servant and employee of appellant, namely, Richard Still, in lifting the slats on which Mrs. Smith was standing was negligence; and (2) This was a proximate cause.

(3) That immediately prior to lifting the slats in question an agent, servant and employee, of appellant, namely Richard Still, failed to keep such a lookout for the presence of Mrs. Willie Fay Smith on the slats, as would have been kept by a person of ordinary prudence, etc., and (4) This was a proximate cause.

Appellant predicates its appeal upon seven formal points to the effect (1) That the undisputed evidence showed that the act of Richard Still's complained of negligence was outside the scope of his employment, (2) That the evidence was insufficient to sustain a finding that said act was committed in the course of the employment of Richard Still, (3) and (4) That there was no evidence, and insufficient evidence to sustain the finding that appellant's employee negligently lifted the slats, (5) and (6) That there was no evidence, and insufficient evidence to sustain a finding that appellant's employee failed to keep a proper lookout for the presence of Mrs. Smith, and (7) That if there is sufficient evidence to sustain the finding that the act of appellant's employee, which caused Mrs. Smith's injuries, was within the course and scope of his employment, such issue was not submitted to the jury, and no finding had thereon, hence the judgment is not supported by the verdict.

We overrule the points. This was an action, as at common law, to recover damages for injuries alleged to have been proximately caused by the negligence of a fellow servant. However, for good and sufficient reasons appellant has not sought to escape liability upon that doctrine or rule.

We have reported so much of appellees' allegations as make it clear that appellees' pleadings were sufficient to authorize the

submission of special issues Nos. 1 to 4, inclusive.

That portion of appellees' pleadings which we have quoted literally above in the absence of any special exceptions on the part of appellant must be construed as alleging that appellant, acting in the person of its agents and servants, was negligent in lifting the slats upon which Mrs. Smith was standing while she was waiting on a customer.

Under its points 1. and 2. appellant contends that appellees were not entitled to recover because the evidence established as a matter of law that the act of the employee Still in lifting up the frame of slats whereon Mrs. Smith 'was standing was done with the full knowledge of her presence thereon and that said act on his part was a prank or horse play to serve his personal perverted sense of humor, that consequently appellant is not liable. See such cases as Galveston, H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367; Texas & Pacific Ry. Co. v. Hagenloh, Tex.Sup., 247 S.W.2d 236, and other cases of that character.

As indicated above, appellees' pleadings were sufficient to raise the issue that on the occasion in question appellant was acting in the person of its employee Still. See Proctor v. Associates Inv. Co., Tex. Civ.App., 245 S.W.2d 501, 502. There was evidence before the court to the effect: That there was a tier of frames of slats placed on the floor back of the meat counter, extending as far as the counter extended, for the employees to stand on while serving customers. That during the course of a day pieces of meat and other refuse would fall on said frames of slats and get under them. That at the close of each day the shop was cleaned up, which included sweeping up the floor; and in order to clean under the slats they were lifted or removed to be swept under. That it was among the duties of Still to sweep the floor before the shop was closed at the end of the day. That on the occasion in question shortly before closing time Mrs. Smith was standing on one of the frames of slats, serving a customer. That Still was engaged in his duty of cleaning up before closing and that while so doing tilted up the frame of slats on which Mrs. Smith was standing, which resulted in her fall and the injuries in question.

■■ Appellant not only did not except to the allegations of appellees' petition, it did not plead that on the occasion in question its employee departed from the course of his employment to serve a purpose of his own in the nature of horse play. Furthermore, appellant did not except to the form of special issues Nos. 1 to 4, inclusive. By the form in which said special issues were submitted it was assumed that Still was acting in the course of his employment for appellant and said special issues merely inquired whether in so doing he acted negligently and if so whether such negligence was a proximate cause. In the state of the record there is no issue of "horse play" on the part of an employee within the purview of the Currie case, supra. It was established as a matter of law that in cleaning up the shop, which Still was engaged in at the time of the act in question, he was acting in the discharge of a duty he owed his employer, the appellant. Even if it had been submitted to the jury under proper pleadings by appellant whether on the occasion in question Still purposely and intentionally lifted the slats with a mingled purpose of cleaning under same and of committing an act of "horse play", it would not follow that the appellant would not be liable. This because, though Still might have incidentally been serving a private purpose of his own, he was actually discharging a duty and obligation owed to his employer. See the Currie case. But, however that may be, the issue of Still having departed from the course of his employment on the occasion in question is simply not in the case. And had appellant raised such an issue by its pleading no issues were submitted to the jury. Furthermore, the evidence bearing thereon, if it could be construed as justifying a finding by the jury of such a prank, and we do not hold that there was such evidence, it was certainly not sufficient, as a matter of law, to compel such a finding.

The judgment is affirmed.

## On Motion for Rehearing.

Appellant has misconceived the basis of our holding which was to the effect, (1) that the allegations of appellees' pleading were to the effect that appellant, acting by its agents and servants, was guilty of the negligence which was the proximate cause of the injury, and, (2) that, in answer to special issues which assumed that Still was acting in the course of his employment, and which merely submitted to the jury the issue of whether Still was negligent, and whether such negligence was a proximate cause, the jury found, upon sufficient evidence, adversely to appellant. Appellant's motion for rehearing is refused.