Buford CARTER, Appellant,

v.

ASSOCIATES DISCOUNT
CORPORATION,
Appellee.

No. 8700.

Court of Civil Appeals of Texas,
Amarillo.

April 18, 1977.

Rehearing Denied May 16, 1977.

Charles E. Neal, Amarillo, for appellant.

Brock, Waters & Galey, Harold H. Pigg, Lubbock, for appellee.

ROBINSON, Justice.

Plaintiff Associates Discount Corporation, succeeded by Associates Financial Services Co., Inc., is assignee of a conditional sales contract executed by Clark K. Carter to L. B. McGavock d/b/a McGavock Drilling Co. as payment for certain irrigation equipment installed by McGavock on land belonging to Clark K. Carter and on land belonging to Buford Carter. Plaintiff sued Clark K. Carter for the unpaid balance due on the installment sales contract and sued Buford Carter for conversion of its alleged interest in the equipment which was installed on his land and which he sold with the land. A jury found that prior to the assignment of the installment sales contract to plaintiff, McGavock had released any liens that he may or might have had on any equipment which he had installed on Buford Carter's land. The trial court rendered judgment against Clark K. Carter for the balance due on the contract. He has not appealed. The trial court also rendered judgment against defendant Buford Carter for the amount which the jury found to be the value of the equipment on his land at the time that he disposed of it. Defendant Buford Carter appealed. Reversed and rendered.

**400**

Sometime before April 3, 1965, Clark K. Carter, Buford Carter's father, arranged for L. B. McGavock, d/b/a McGavock Drilling Company, to install some irrigation equipment on land in Sherman County, Texas. Most of the equipment went onto land owned by Clark K. Carter. One well and its irrigation equipment was installed on a half section of land belonging to Buford Carter. L. B. McGavock testified that he knew that he was installing one well on Buford Carter's land. Both Carters testified that Clark K. Carter purchased that well and the equipment for Buford Carter as partial payment for Buford's previous labor for his father in farming operations at Vega, Texas.

On March 29, 1965, McGavock executed a release and waiver of any and all mechanics and materialman's liens that he might have on that date or at any time in the future on Buford Carter's land by virtue of the well that he was drilling and equipping on the land at that time. The release recites that it was given in consideration of ten dollars paid to him by the Northwestern Mutual Life Insurance Company and as an inducement to the company to complete a loan to Buford Carter which was to be secured by a deed of trust.

On April 3, 1965, Clark K. Carter executed an Installment Sales Contract to McGavock for irrigation equipment for six water wells. Included in the list of purchased property were irrigation well components, which were installed on Buford Carter's land. Buford Carter was not a party to this contract. On the same day McGavock assigned the installment sales contract to plaintiff Associates Discount Corporation. Neither of the Carters had communicated with Associates Discount prior to this assignment. On April 11, 1966, Buford Carter sold his half section of land and the equipment located on it.

On January 8, 1968, Associates Discount, in return for a large payment on the installment sales contract executed a release of all equipment covered by it except for the equipment located on the half-section which had been owned by Buford Carter.

Clark K. Carter defaulted on the note at a time when there was a balance owing of $15,471.76. Plaintiff brought this suit for the debt and for conversion of its alleged interest in the well and equipment located on the Buford Carter land. The case was tried to a jury. The court rendered judgment against Clark K. Carter for the $15,471.76 balance due on the conditional sales contract plus interest and plus $2,320.76 attorney's fees and against Buford Carter for $7,000.00 which the jury found to be the value of the equipment on his land at the time he disposed of it.

Appellant-defendant contends, inter alia, that the trial court erred in submitting to the jury issues inquiring if the irrigation well equipment in Buford Carter's possession was "subject to the indebtedness owed to plaintiff" at any time and at the time that Buford Carter disposed of the equipment. Appellant-defendant contends on appeal that those issues should not have been submitted to the jury because they are questions of law for the court. We do not find that defendant objected to the issues on that ground at the trial. Further, even if proper objection had been made, the mere submission of the issues would not be reversible error in the circumstances of the case before us. In the absence of some showing of extraneous prejudice, submission of a question of law to a jury in a special issue is harmless, since, if the special issue is answered as the court should have decided, there is no damage, and if the special issue is answered to the contrary, the finding is immaterial and hence should be ignored. *City of Houston v. Howe & Wise,* 323 S.W.2d 134 (Tex.Civ.App., Houston 1959, writ ref'd n. r. e.).

Whether the equipment placed on Buford Carter's land was subject to the indebtedness owed plaintiff is a question of law to be determined by the court in the light of the undisputed evidence and the facts found by the jury.

The jury found that McGavock was the owner of the equipment prior to April 3, 1965; that McGavock assented to Buford

Carter's taking possession of the equipment which McGavock installed on Buford Carter's land; that at the time he installed the equipment he knew that the land belonged to Buford Carter and that McGavock released any liens that he may or might have on any equipment on the Buford Carter land prior to April 3, 1965. Appellee-plaintiff has not challenged those findings by crosspoint. It is undisputed that Buford Carter was not a party to the conditional sales contract and plaintiff's branch manager testified that Buford Carter had no contact of any kind with the plaintiff prior to the McGavock assignment of the conditional sales contract to plaintiff.

■ There is no evidence that plaintiff had any interest in the equipment in question unless it acquired an interest by the assignment of the conditional sales contract. Plaintiff's assignor McGavock had no interest in the equipment at the time of the assignment. McGavock had released to Buford Carter any lien that he had in the equipment before he made the assignment to plaintiff. It is axiomatic that an assignee takes only such title to the thing assigned as existed in the assignor at the time of assignment. *Beavers v. Consolidated Oil Co. of Texas,* 31 S.W.2d 876 (Tex.Civ.App., Amarillo 1930, writ dism'd); *Kirkpatrick v. Great American Ins. Co.,* 299 S.W. 943 (Tex. Civ.App., Waco 1927, no writ). Thus, McGavock never acquired an interest in the equipment on Buford Carter's land and Buford Carter could not have converted the equipment by selling it.

Buford Carter could not have acted together with Clark K. Carter to tortiously deprive plaintiff of a lien which plaintiff never acquired.

The foregoing holdings are dispositive of this appeal. We do not reach appellant-defendant's remaining points of error.

The portion of the trial court judgment which grants recovery against Buford Carter is reversed and judgment here rendered that appellee-plaintiff take nothing as to Buford Carter.