**STATE FIDELITY MORTGAGE COMPANY, Appellant,**

v.

**William L. VARNER, Appellee.**

**No. 01–85–01016–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 20, 1987.

Rehearing Denied Nov. 12, 1987.

Wendell S. Loomis, Houston, for appellant.

J. Eugene Clements, Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

LEVY, Justice.

The appellant, State Fidelity Mortgage Company, appeals the judgment of the trial court awarding it $90 as a deficiency judgment, with prejudgment and post-judgment interest, but denying appellant recovery as an assignee of the surety on a defaulted note.

Following a non-jury trial, the court filed findings of fact and conclusions of law, pursuant to the appellant's request. In its findings of fact, the court determined that David Ford and the appellee, William L. Varner, were engaged in a business venture to sell propane gas; that Varner borrowed funds from the Commerce State Bank ("the Bank") on or about July 2,

1980, to finance the venture; and that Carolyn Ford, the wife of David Ford, secured Varner's note to the Bank by signing a collateral assignment and security agreement, granting the Bank a security interest in five certificates of deposit face-valued at $1,000 each. The security agreement recited that in the event Varner failed to satisfy his repayment obligation, the Bank was entitled to apply the certificates of deposit to Varner's obligation.

On or about August 23, 1980, the Bank foreclosed on Ford's collateral because Varner defaulted on his payment obligation, and applied the proceeds of the sale to satisfy the promissory note. A deficiency of $8.22 in principal remained. For a consideration of $90, the Bank assigned the balance of Varner's promissory note to the appellant, without recourse, on or about October 29, 1980. Earlier that month, Ford had assigned all her right, title, and interest, if any, in the five certificates of deposit securing the promissory note, and in the promissory note itself, to the appellant.

The appellant asserts in its first and second points of error that the trial court erred in reducing the appellee's indebtedness on the note by the value of Ford's collateral and in denying appellant's claim to the full amount due under the note. The trial court based its decision to reduce the note's indebtedness in part on its findings of fact and conclusions of law that: (1) the appellant did not bring suit as the assignee of Ford; and (2) the appellant instituted this action as the assignee only of the Bank.

The record reveals that paragraph one of the appellant's petition states: "At the special instance and request of the Defendant [appellee], Commerce State Bank of Houston, Texas, loaned the Defendant $5,008.22 on or about July 2, 1980. The Defendant

executed a note, therefore, [sic] a copy of which is attached. By assignment, the Plaintiff [appellant] is the owner and holder of the Note." Over the appellee's objection, the court admitted evidence of Ford's assignment to appellant. The court stated: "It says in paragraph one of Plaintiff's Original Petition 'by assignment the plaintiff is the owner and holder of the note.' I think that would include any subsequent assignment."

The trial court reversed its course in drafting its conclusions of law, which state, in part, that the appellant "did not bring suit in the capacity of assignee of any right or interest of Carolyn Ford to the Promissory Note or the certificates of deposit." This conclusion contradicts the plain language of her assignment,[1] and seems to be based on the court's final conclusion that the appellant's pleading did not support the introduction of the evidence of Ford's assignment to appellant. The court further concluded that Ford had no cause of action against Varner, and no assignable interest in the five certificates of deposit. We disagree.

 First, we find that the pleading provided the appellee with fair notice, as required by Tex.R.Civ.P. 45(c), and that the appellant's cause of action was partly based on Carolyn Ford's assignment. A copy of the promissory note was attached to the petition and incorporated therein by reference. The note indicates that payment thereof was secured by collateral "in the name of Carolyn Ford."

The test of fair notice is "whether an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant." 2 R. McDonald, *Texas Civil Practice in District and County Courts,*

---

1. Ford's assignment to State Fidelity in pertinent part reads as follows:

For valuable consideration received, I, CAROLYN FORD, of Marshall, Texas, hereby assign unto State Fidelity Mortgage Company of Houston, Texas, a Texas Corporation, all my right, title and interest in and to 5 Certificates of Deposit for the amounts of $1,000.00 each purchased at the Commercial State Bank at 9420

Jensen Drive in Houston, Texas, on or about July 2, 1980, numbered 2458, 2459, 2460, 2461 and 2462 totaling $5,000.00 as a consequence of an accommodation pledge for a loan to William L. Varner of 840 Threadneedle # 207 in Houston, Texas, by said Bank, and I further assign all my right and interest in and under the Promissory Note executed by the said Varner in favor of said Bank on July 2, 1980.

sec. 5.05 (rev. 1982). The petition's general allegations that the appellant was the owner and holder of the note by virtue of assignment were clearly sufficient to admit evidence of the method by which ownership was acquired, viz., by assignments from both Ford and the Bank. *Proctor v. Associates Inv. Co.*, 245 S.W.2d 501, 502 (Tex. Civ.App.—Galveston 1952, no writ). Furthermore, the promissory note attached to the petition gave fair notice that *both* the Bank and Ford had assignable interests in the note.

The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity; familiar discovery procedures provided the appellee in this case with the opportunity, which he used, to determine that Carolyn Ford's interest had been assigned to the appellant. Varner's counsel represented at trial that Wendell S. Loomis, the appellant's counsel and the sole shareholder of the appellant corporation, had been deposed and had testified regarding his "contract with Mrs. Ford." Furthermore, in its motion for summary judgment, the appellant alleged and offered proof that "Carolyn Ford assigned to [appellant] . . . all her right, title, and interest in and to a promissory note . . . executed July 2, 1980, by William L. Varner to Commercial State Bank."

There is nothing in the record that shows that the appellee was surprised, prejudiced, or misled by the evidence of Ford's assignment to appellant. Nor did appellee attempt by exception to the pleadings, or through discovery proceedings, to ascertain more precisely the nature of the contractual relationship between Ford and the appellant. We hold that the trial court properly admitted the evidence when it initially ruled that the pleading supported introduction of the evidence; the trial court's later conclusion that the appellant brought suit as the assignee of Commerce State Bank *only* was in error.

■ The trial court properly concluded that the Bank's only assignable interest was in the deficiency remaining after Ford's collateral was applied to the appellee's indebtedness. An assignee obtains only the right, title, and interest of his assignor at the time of his assignment, and no more. *Houchins v. Scheltz*, 590 S.W.2d 745, 751 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Carter v. Associates Discount Corp.*, 550 S.W.2d 399, 401 (Tex. Civ.App.—Amarillo 1977, no writ). Accordingly, an assignee may recover only those damages potentially available to his assignor. *See Houchins v. Scheltz*, 590 S.W.2d at 751; *Carter v. Associates Discount Corp.*, 550 S.W.2d at 401. The trial record shows that the Bank had already foreclosed on the note's collateral when it assigned the promissory note to appellant. At the time of the assignment sale to appellant, the Bank had an interest only in the balance between the value of the note and the value it received upon sale of the collateral. Accordingly, since the Bank assigned its interest in the balance to appellant, appellant may recover for only that balance due *in its capacity as the Bank's assignee.*

■ However, the trial court erroneously concluded that Ford had no assignable interest in the promissory note. Once Mrs. Ford, as an owner of property, pledged (or "hypothecated") it as security for the debt of another, she occupied the position of a surety to the extent of the property pledged. *Westbrook v. Belton Nat'l Bank*, 97 Tex. 246, 77 S.W. 942 (1904); *Jack M. Finley, Inc. v. Longview Bank & Trust*, 705 S.W.2d 206, 210 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.) (hypothecator "is entitled to all the rights and privileges of a surety"). In general, a surety who has paid the debt of her principal is subrogated to a right of action against the principal for the debt so paid. *Siegler v. Ginther*, 680 S.W.2d 886 (Tex. App.—Houston [1st Dist.] 1984, no writ); *Jones v. Hubbard*, 302 S.W.2d 493 (Tex. Civ.App.—Waco 1957, writ ref'd n.r.e.). Accordingly, when Ford discharged Varner's debt through the compelled foreclosure sale of her certificates of deposit, she had a right of action against the principal, Varner, for the value of the pledged certificates of deposit.

Texas courts have long held that, to recover the value pledged, a surety has the

option to bring an action against the maker on the note itself. *Fox v. Kroeger,* 119 Tex. 511, 35 S.W.2d 679 (1931); *Highlands Cable Television, Inc. v. Wong,* 547 S.W.2d 324, 327 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.).[2] Contrary to the trial court's conclusion of law, Ford had an interest in the note to the extent of the pledged certificates of deposit, which she was capable of assigning to the appellant.

Appellant's first and second points of error are sustained.

The judgment of the trial court is reformed to reflect the award to the appellant of $5,056.51, which includes the value of the certificates of deposit and reflects the amount of the note at maturity on August 15, 1980. Simple interest will continue to accrue thereafter, as provided in the note, at the rate of 10 percent per annum until the judgment is paid.[3] As reformed, the judgment is affirmed.

**2.** Another option, not particularly relevant here, is to sue on an "assumpsit" to recover for the unjust retention of another's money against the fundamental principles of justice and equity. *King v. Tubb,* 551 S.W.2d 436 (Tex.Civ.App.—Corpus Christi 1977, no writ).

**3.** Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 1(1) (Vernon Supp.1987) provides in relevant part:

Sec. 1. All judgments of the courts of this state based on a contract that provides for a specific rate of interest earn interest at a rate equal to the lesser of:
(1) the rate specified in the contract; or
(2) 18 percent.