Montogomery v. Silva

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-385-CV

LYLE MONTGOMERY APPELLANT

V.

ALFRED JOSEPH SILVA APPELLEE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is the case of the misplaced mail box.  In three issues Lyle Montgomery complains of a judgment following a jury trial wherein the trial court issued a mandatory injunction ordering Montgomery to remove a mail box which “obstructs the access easement” of Alfred Silva.  Montgomery specifically complains that (1) there was insufficient evidence of imminent harm to entitle Silva to the injunction, (2) the injunction exceeded the relief pled for by Silva, and (3) the doctrine of unclean hands should have required denial of the equitable relief of a mandatory injunction.  We will affirm.

II.  Background

The facts are well known to the parties.  In brief, a mail box belonging to Montgomery arguably partially obstructs Silva in the egress and ingress of his motor home from his residence, resulting in the initiation of this lawsuit.  A jury determined that Lyle Montgomery, and two other home owners who have not appealed the court’s judgment, “are obstructing the easement in question.”  As a result, the trial court ordered the three defendants “to remove any object which currently obstructs the access easement including but not limited to any mail box, fence, or [any] other man-made object . . . .” 

III.  Imminent Harm

In his first issue, Montgomery complains that there is “insufficient evidence of any imminent harm to entitle” Silva to injunctive relief.  An assertion that the evidence is “insufficient” to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).  Generally, we do not have to detail supporting evidence when upholding the factual sufficiency of the evidence underlying the trial court's judgment.  
Ellis County State Bank v. Keever
, 888 S.W.2d 790, 794 (Tex. 1994).  
We review a trial court’s ruling on an application for a permanent injunction under the abuse of discretion standard.  
Operation Rescue Nat’l v. Planned Parenthood of Houston
 
& S.E. Tex.
, Inc., 975 S.W.2d 546, 560 (Tex. 1998).  As is well settled, the trial court abuses its discretion when it acts without reference to any guiding rules or principles.  
Downer v. Aquamarine Operators, Inc
., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 2259 (1986).

After a thorough review of the record we cannot find that the evidence of imminent harm is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside, or that the trial court abused its discretion in granting the requested injunctive relief.

Montgomery also asserts that “it is clear from all the evidence introduced by plaintiff/appellee that the controversy will not be terminated by judgment but merely continue in some new form.”  There is no citation to the record to support this argument, nor explanation of its meaning.  As such, it is  inadequately briefed.  
Tex. R. App. P.
 38.1(h).  Further, the statement ignores the obvious fact that this entire lawsuit concerned the location of the mail boxes and the judgment ordered the removal of the mail boxes from the easement and resolves the issue before the court.  Montgomery’s first issue is overruled.

IV.  Pleadings

In his second issue, Montgomery asserts that the trial court exceeded its jurisdiction by issuing a mandatory injunction which was beyond the relief requested by Silva because, he alleges, the pleadings concerned future, not present, easement encroachment.  In Silva’s First Amended Petition for Declaratory Judgment, he prays in part that “the Court make an injunction preventing the Defendants from building or placing items within the right of way that interfere with his use of the easement.”  He also requests “any other relief to which he is entitled.” 

Rule 1 of Texas Rules of Civil Procedure states that “these rules shall be given a liberal construction.”  
Tex. R. Civ. P.
 1.  Rule 45(b) requires the pleadings “consist of a statement in plain and concise language of the plaintiff’s cause of action . . . .”  
Tex. R. Civ. P.
 45(b).  Rule 47(a) requires pleadings that give “a short statement of the cause of action sufficient to give fair notice of the claim involved,” and Rule 47(c) requires “a demand for judgment for all the other relief to which the party deems himself entitled.”  
Tex. R. Civ. P.
 47(a), (c).  The fair notice pleading requirement standard is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain the nature and basic issues of controversy and testimony probably relevant.  
State Fidelity Mortgage Co. v. Varner
, 740 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1987, writ denied).  Put another way, the purpose of the fair notice rule is to give the opposing party information sufficient to enable him to prepare a defense.  
Roark v. Allen
, 633 S.W.2d 804, 809-10 (Tex. 1982); 
See S.E. Bell Tele. Co. v. Garza
, 48 Tex. Sup. Ct. J
. 
226, 231-32, 2004 WL 3019205, at * 8 ( Tex. Dec. 31, 2004).  Petitions will be construed liberally in favor of the pleader and if a pleading is challenged, this court will “look to the pleader’s intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged.  Every fact will be supplied that can reasonably be inferred from what is specifically stated.”  
Gulf, Colorado & Santa Fe Ry. Co. v. Bliss, 
368 S.W.2d 594, 599 (Tex.1963).  A review of the pleadings and the record in this matter reveals that the entire lawsuit and its trial concerned the placement of existing mail boxes in an easement obstructing Silva’s access to his property.  As such, we construe his pleading to include a request for a permanent injunction to remove the existing mail boxes.  Silva’s second issue is overruled.

V.
  
Unclean Hands

In his third issue, Montgomery complains that the trial court abused its discretion in issuing a mandatory injunction because it is alleged Silva came to the court with unclean hands.  Specifically, Montgomery alleges that Silva’s mail box was also located in the easement until shortly before the filing of this lawsuit.  It is a matter within the sound discretion of the trial court to determine if a party has come into the court with clean hands.  
Kostelnik v. Roberts
, 680 S.W.2d 532, 536 (Tex. App.—Corpus Christi 1984, writ ref’d n.r.e.).  
However, where Montgomery complains that Silva is in court with unclean hands because of Silva’s conduct in the transaction from which this litigation arose, Montgomery must show he has been injured by such conduct in order to justify the application of the unclean hands principal; that is, the clean hands maxim should not be applied when the complaining party has not been seriously harmed and the wrong complained of can be corrected without applying the doctrine.
  See Thomas v. McNair
, 882 S.W.2d 870, 880 (Tex. App.—Corpus Christi 1994, no writ); 
Omohundro v. Matthews
, 341 S.W.2d 401, 410 (Tex. 1960).  Montgomery has not shown that he has been injured by the location of Silva’s mail box.  We do not find any abuse of discretion by the trial court and considering the foregoing, Montgomery third issue is overruled.

VI.  Conclusion

Having overruled Montgomery’s three issues, the judgment of the trial court is affirmed.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.