COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-385-CV
  
  
LYLE MONTGOMERY                                                             APPELLANT
  
V.
  
ALFRED JOSEPH SILVA                                                            APPELLEE
  
  
------------
 
FROM THE 355TH DISTRICT COURT 
OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        This 
is the case of the misplaced mail box. In three issues Lyle Montgomery complains 
of a judgment following a jury trial wherein the trial court issued a mandatory 
injunction ordering Montgomery to remove a mail box which “obstructs the 
access easement” of Alfred Silva. Montgomery specifically complains that (1) 
there was insufficient evidence of imminent harm to entitle Silva to the 
injunction, (2) the injunction exceeded the relief pled for by Silva, and (3) 
the doctrine of unclean hands should have required denial of the equitable 
relief of a mandatory injunction. We will affirm.
II. Background
        The 
facts are well known to the parties. In brief, a mail box belonging to 
Montgomery arguably partially obstructs Silva in the egress and ingress of his 
motor home from his residence, resulting in the initiation of this lawsuit. A 
jury determined that Lyle Montgomery, and two other home owners who have not 
appealed the court’s judgment, “are obstructing the easement in question.” 
As a result, the trial court ordered the three defendants “to remove any 
object which currently obstructs the access easement including but not limited 
to any mail box, fence, or [any] other man-made object . . . .”
III. Imminent Harm
        In 
his first issue, Montgomery complains that there is “insufficient evidence of 
any imminent harm to entitle” Silva to injunctive relief. An assertion that 
the evidence is “insufficient” to support a fact finding means that the 
evidence supporting the finding is so weak or the evidence to the contrary is so 
overwhelming that the answer should be set aside and a new trial ordered. Garza 
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all 
of the evidence in the case in making this determination, not just the evidence 
that supports the finding. Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 
406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998). Generally, we do not 
have to detail supporting evidence when upholding the factual sufficiency of the 
evidence underlying the trial court's judgment. Ellis County State Bank v. 
Keever, 888 S.W.2d 790, 794 (Tex. 1994). We review a trial court’s ruling 
on an application for a permanent injunction under the abuse of discretion 
standard. Operation Rescue Nat’l v. Planned Parenthood of Houston & 
S.E. Tex., Inc., 975 S.W.2d 546, 560 (Tex. 1998). As is well settled, the 
trial court abuses its discretion when it acts without reference to any guiding 
rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 2259 (1986).
        After 
a thorough review of the record we cannot find that the evidence of imminent 
harm is so weak or the evidence to the contrary is so overwhelming that the 
finding should be set aside, or that the trial court abused its discretion in 
granting the requested injunctive relief.
        Montgomery 
also asserts that “it is clear from all the evidence introduced by plaintiff/appellee 
that the controversy will not be terminated by judgment but merely continue in 
some new form.” There is no citation to the record to support this argument, 
nor explanation of its meaning. As such, it is inadequately briefed. Tex. R. App. P. 38.1(h). Further, the 
statement ignores the obvious fact that this entire lawsuit concerned the 
location of the mail boxes and the judgment ordered the removal of the mail 
boxes from the easement and resolves the issue before the court. Montgomery’s 
first issue is overruled.
IV. Pleadings
        In 
his second issue, Montgomery asserts that the trial court exceeded its 
jurisdiction by issuing a mandatory injunction which was beyond the relief 
requested by Silva because, he alleges, the pleadings concerned future, not 
present, easement encroachment. In Silva’s First Amended Petition for 
Declaratory Judgment, he prays in part that “the Court make an injunction 
preventing the Defendants from building or placing items within the right of way 
that interfere with his use of the easement.” He also requests “any other 
relief to which he is entitled.”
        Rule 
1 of Texas Rules of Civil Procedure states that “these rules shall be given a 
liberal construction.” Tex. R. Civ. P. 
1. Rule 45(b) requires the pleadings “consist of a statement in plain and 
concise language of the plaintiff’s cause of action . . . .” Tex. R. Civ. P. 45(b). Rule 47(a) 
requires pleadings that give “a short statement of the cause of action 
sufficient to give fair notice of the claim involved,” and Rule 47(c) requires 
“a demand for judgment for all the other relief to which the party deems 
himself entitled.” Tex. R. Civ. P. 
47(a), (c). The fair notice pleading requirement standard is whether an opposing 
attorney of reasonable competence, with pleadings before him, can ascertain the 
nature and basic issues of controversy and testimony probably relevant. State 
Fidelity Mortgage Co. v. Varner, 740 S.W.2d 477, 479 (Tex. App.—Houston 
[1st Dist.] 1987, writ denied). Put another way, the purpose of the fair notice 
rule is to give the opposing party information sufficient to enable him to 
prepare a defense. Roark v. Allen, 633 S.W.2d 804, 809-10 (Tex. 1982); See 
S.E. Bell Tele. Co. v. Garza, 48 Tex. Sup. Ct. J. 226, 231-32, 2004 WL 
3019205, at * 8 ( Tex. Dec. 31, 2004). Petitions will be construed liberally in 
favor of the pleader and if a pleading is challenged, this court will “look to 
the pleader’s intendment and the pleading will be upheld even if some element 
of a cause of action has not been specifically alleged. Every fact will be 
supplied that can reasonably be inferred from what is specifically stated.” Gulf, 
Colorado & Santa Fe Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex.1963). A 
review of the pleadings and the record in this matter reveals that the entire 
lawsuit and its trial concerned the placement of existing mail boxes in an 
easement obstructing Silva’s access to his property. As such, we construe his 
pleading to include a request for a permanent injunction to remove the existing 
mail boxes. Silva’s second issue is overruled.
V. Unclean 
Hands
        In 
his third issue, Montgomery complains that the trial court abused its discretion 
in issuing a mandatory injunction because it is alleged Silva came to the court 
with unclean hands. Specifically, Montgomery alleges that Silva’s mail box was 
also located in the easement until shortly before the filing of this lawsuit. It 
is a matter within the sound discretion of the trial court to determine if a 
party has come into the court with clean hands. Kostelnik v. Roberts, 680 
S.W.2d 532, 536 (Tex. App.—Corpus Christi 1984, writ ref’d n.r.e.). However, 
where Montgomery complains that Silva is in court with unclean hands because of 
Silva’s conduct in the transaction from which this litigation arose, 
Montgomery must show he has been injured by such conduct in order to justify the 
application of the unclean hands principal; that is, the clean hands maxim 
should not be applied when the complaining party has not been seriously harmed 
and the wrong complained of can be corrected without applying the doctrine. See 
Thomas v. McNair, 882 S.W.2d 870, 880 (Tex. App.—Corpus Christi 1994, no 
writ); Omohundro v. Matthews, 341 S.W.2d 401, 410 (Tex. 1960). Montgomery 
has not shown that he has been injured by the location of Silva’s mail box. We 
do not find any abuse of discretion by the trial court and considering the 
foregoing, Montgomery third issue is overruled.
VI. Conclusion
        Having 
overruled Montgomery’s three issues, the judgment of the trial court is 
affirmed.
    
   
  
                                                                BOB 
MCCOY
                                                                  JUSTICE
  
  
 
PANEL A:   CAYCE, 
C.J.; WALKER and MCCOY, JJ.
 
DELIVERED: March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.