## KOST FURNITURE CO. v. LOS ANGELES PERIOD FURNITURE CO.

### No. 11089.

Court of Civil Appeals of Texas. Galveston.

Jan. 30, 1941.

Rehearing Denied Feb. 20, 1941.

C. M. Wunderman, of Houston, for plaintiff in error.

George E. Ross and George B. Banks, both of Houston, for defendant in error.

MONTEITH, Chief Justice.

This is an appeal from a default judgment rendered in favor of defendant in error, Los Angeles Period Furniture Company, for debt arising out of the execution by plaintiff in error, Kost Furniture Company, of a series of promissory notes. The parties hereto will be designated as in the trial court.

Service was had upon defendant, a corporation with principal office and residence in Harris County, Texas, by leaving a copy of the citation at its principal office at Houston, Texas. No answer having been filed or appearance entered, judgment by default was rendered against defendant and in favor of plaintiff in the sum of $1,322.75, which included the amount of principal due on said notes and 10% attorney's fees thereon. The citation was directed to the Kost Furniture Company. It contains the following return: "Received this writ on the 4th day of December, A. D. 1939, at 4:32 o'clock P. M. and executed the same in Houston, Harris County, Texas, on the 5th day of December, A. D. 1939, at 3:30 o'clock P. M. by summoning the Kost Furniture Company, a corporation, the within named defendant, by leaving in the principal office of the said Kost Furniture Company a true copy of the citation, during office hours."

The controlling questions presented in the appeal are: (1) Whether the return on the citation showing service thereof by leaving a copy at the principal office of defendant was sufficient to confer jurisdiction on the trial court; and (2) whether, in the absence of a showing in the record of evidence of an agreement between plaintiff and its attorney for collection fees, the judgment in an amount exceeding the amount of the principal on the notes was erroneous.

Article 2029, Revised Statutes of 1925, as amended in 1933, Vernon's Ann.Civ.St. art. 2029, reads: "In suits against any incorporated company or joint stock association, the citation may be served on the President, Vice President, Secretary, Cashier, Assistant Cashier, or Treasurer of such company or association, or upon the local agent of such company or association in the county where the suit is brought, or by leaving a copy of the same at the principal office of the company during office hours. If neither the President, Vice President, Secretary, Assistant Secretary, Cashier, Assistant Cashier, or Treasurer reside in the county in which suit is brought, and such company or association has no agent in the county, then the citation may be served upon any agent representing such company, corporation, or association in the State."

■ The object of a citation is to give the court in which a petition has been filed jurisdiction over the person of defendant and to notify the defendant of the suit brought against him in order that he may have an opportunity to be heard. The provision of the statute authorizing service of citation on an incorporated company by leaving a copy of the writ at the principal office of such company, during office hours, contemplates that the company, its officers or agents, would, in the ordinary course of events, find the writ or would legally be charged with failure to do so. Bozeman v. Arlington Heights Sanitarium, Tex.Civ. App., 134 S.W.2d 350, writ refused.

■ In construing said Article 2029, the Commission of Appeals in the case of First National Bank v. Guaranty Bond State Bank, 23 S.W.2d 312, 314, says: "It is a general law, and, in construing the meaning of its provisions, that construction will be given which will accomplish the result evidently sought to be attained by the Legislature in enacting it. It appears from the reading of this article that the Legislature intended to permit an incorporated company to be served with citation in a suit against it in several ways, one of which was to serve the citation on the president; another upon the secretary; another upon the treasurer; another upon the local agent in the county where the suit is brought; and another by leaving a copy of the same at the principal office of the company during office hours. A service in [any] of these ways, under the law, is a legal one, and is sufficient, when shown thus to have been had, to confer jurisdiction over the incorporated company by the court in which the suit against it has been filed."

In discussing the scope of the service under said article it is said in 11 Tex. Jur., page 71, Section 41, that: "This article provides for alternate modes of service and service thereunder is legal and sufficient if made in any one of the prescribed ways."

**864**

This text cites the cases of First National Bank v. Guaranty Bond State Bank, Tex.Com.App., 23 S.W.2d 312, and Household Furniture Co. v. Alvarado, Tex.Civ. App., 246 S.W. 1111.

Defendant relies upon the case of Delta Orchards Company v. Gregory et al., Tex. Civ.App., 40 S.W.2d 864, writ of error refused, as authority for the proposition that the provision of said Article 2029 applies only in suits in which the principal office of defendant is other than the county in which the suit was instituted.

While this case holds that the provision of said article which authorizes service of citation on an incorporated company by leaving a copy of the writ at its principal office during business hours applies to service of citation in a county other than the one in which the suit was instituted, it does not hold that such service in a county where the suit is pending is not also valid service.

Under the above authorities, we think that it was the intention of the legislature to permit an incorporated company to be served with citation in a suit against it in any one of the ways authorized by said Article 2029.

■ Defendant's contention that said judgment was void for the alleged reason that no proof was offered as to an agreement to pay an attorney's fee cannot be sustained.

It is the established law in this state that where a case is tried before the court, without a jury, and the record contains no statement of the facts proven and no findings of fact by the trial court, a reviewing court must assume that every fact alleged and necessary to support the judgment was found by the trial court upon sufficient evidence unless the contrary is clearly shown. Miller v. Texas Central Agency Co., Tex.Civ.App., 141 S.W.2d 441; Kinney v. Johnson et al., Tex.Civ.App., 135 S.W.2d 773; Massachusetts Bonding & Ins. Co. v. Pittsburg Pipe & Supply Co., Tex.Civ.App., 135 S.W.2d 818.

In the instant case the record is silent as to whether the court found any facts relative to the attorney's fees awarded in the judgment.

■ Further, it has been uniformly held that a holder of notes containing stipulations for attorney's fees if notes are placed in the hands of an attorney for collection is prima facie entitled to recover the amount stipulated therefor upon the happening of the event, and if there is any reason why the amount so stipulated should not be paid it is a matter for affirmative defense. Kansas City Life Ins. Co. v. Duvall et ux., Tex.Civ.App., 129 S.W.2d 770; Amuny v. Seaboard Bank & Trust Co., Tex.Com.App., 23 S.W.2d 287; Gunter v. Merchant, Tex.Com.App., 213 S.W. 604.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed; it is so ordered.

Affirmed.