NATIONAL BANK OF COMMERCE OF BROWNSVILLE, Appellant,

v.

F. R. HERNANDEZ CONSTRUCTION & SUPPLY COMPANY, INC., Corpus Christi Brick & Lumber Company, d/b/a Port Isabel Joint Venture, and Jackson S. Ryan, F. R. Hernandez, and Moises Carrasco, Appellees.

No. 1256.

Court of Civil Appeals of Texas, Corpus Christi.

April 13, 1978.

Rehearing Denied April 27, 1978.

Franklin T. Graham, Jr., Brownsville, for appellant.

Curtis Bonner, Bonner & Bonner, Harlingen, for appellees.

## OPINION

NYE, Chief Justice.

In a bifurcated trial in a suit on a promissory note, after the trial court had granted the Bank judgment for principal and interest on the note, and after the defendants had paid the principal amount due thereon, the trial court conducted a hearing on the amount of attorney fees due. The court found that the holder of the note was entitled to $10,000.00 in attorney fees which it found to be reasonable. The National Bank of Commerce of Brownsville, holder of the note, appeals, contending that it is entitled to the stipulated amount set forth in the note as attorney fees.

The note was dated July 15, 1975, and was past due at the time of trial. The note provides:

"In the event that this note is placed into the hands of an attorney for collection, or if collected through probate or bankrupt-cy proceedings, then an additional fifteen per cent (15%) on the amount of principal and interest then owing thereon shall be added to the same as attorney's fees."

On November 5, 1976, a renewal and extension agreement was delivered and received by the Bank extending the time for payment until December 15, 1976. This extension agreement was signed by the maker and guarantors, the defendants herein.

On December 15, 1976, before the note was paid, the Bank placed the note in the hands of its attorney, the Honorable Franklin T. Graham, Jr., for collection and agreed to pay said attorney 15% of the outstanding principal and interest due thereunder as attorney fees.

Suit was instituted by the Bank against F. R. Hernandez Construction & Supply, Inc., Corpus Christi Brick & Lumber Company, d/b/a Port Isabel Joint Venture, Jackson S. Ryan, F. R. Hernandez and Moises Carrasco, seeking the recovery of the remaining principal balance and interest due thereon under the terms of the note, attorney fees in the amount of 15% of the outstanding principal and interest, and costs of suit.

The case was heard on March 17, 1977, during which time the extended guarantee agreement, (duly signed by all the defendants), was introduced and received into evidence without objection. After the parties rested, the trial court announced that it was awarding judgment in favor of plaintiff for the principal and interest due under the terms of the note of One Hundred Five Thousand Nine Hundred Sixteen and $^{74}/_{100}$ ($105,916.74) Dollars, and attorney fees as provided for under the terms of the note equal to fifteen (15%) per cent of the outstanding principal and interest then due. Defendants objected to the award of attorney fees and the court, thereafter, set a separate hearing for April 19, 1977, to consider the question of "reasonable attorneys fees". At the hearing on April 19, 1977, it was brought to the attention of the court that the principal and interest due under the terms of the note, (One Hundred Five Thousand Nine Hundred Sixteen and $^{74}/_{100}$

($105,916.74) Dollars), had been paid to plaintiff Bank. The court then entered judgment in favor of the Bank against all defendants, jointly and severally, for $10,-000.00, as attorney fees and for all costs of suit. The trial court filed the following pertinent findings of fact:

\* \* \* \* \* \*

"3. That the Guarantee Agreement, Exhibit 'C', attached to Plaintiff's Original Petition was signed by Jackson S. Ryan. (One of the defendant guarantors).

4. That the Guarantee Agreement, Exhibit 'B', attached to Plaintiff's Original Petition was signed by F. R. Hernandez. (One of the defendant guarantors).

5. That the Guarantee Agreement, Exhibit 'E', attached to Plaintiff's Original Petition was signed by Moises M. Carrasco. (One of the defendant guarantors).

\* \* \* \* \* \*

10. That attorney's fees in the sum of $10,000.00 is reasonable for the services as rendered by Plaintiff's attorney herein."

\* \* \* \* \* \*

The trial court did not find that the attorney fee agreement between plaintiff Bank and its attorney to pay him fifteen (15%) per cent of the outstanding principal and interest as an attorney fee was unreasonable. No request for additional or supplemental findings of fact was made.

Appellant Bank asserts two points of error on appeal: that the trial court erred in failing to grant the Bank attorney's fees in the amount of $15,887.51; and that the trial court erred in granting a lesser amount without proof and a finding of fact that the agreement between the Bank and its attorney calling for the payment to said attorney of 15% of the unpaid principal and interest due thereon as an attorney's fee was unreasonable.

The holder of a note, in a case such as this, is entitled to collect the attorney fees stipulated therein unless issue is affirmatively pled and ultimately proved by the defendant that such stipulated amount of attorney fees in the note is unreasonable. In such a case, the holder is only entitled to the amount ultimately proved to be reasonable according to the evidence. *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948, 950 (1960). The Courts of Civil Appeals have construed the *Kuper* case to mean that the defendant must prove first the unreasonableness of the attorney fees "as a matter of affirmative defense". *Highlands Cable Television Inc. v. Wong*, 547 S.W.2d 324, 327 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.); *International Shelters, Inc. v. Corpus Christi State National Bank*, 475 S.W.2d 334, 336 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Fisher v. Howard*, 389 S.W.2d 482, 487 (Tex.Civ.App.—Dallas 1965, no writ); *Twin City Bowling Lanes v. C. I. T. Corporation*, 376 S.W.2d 94, 96 (Tex.Civ.App.—Fort Worth 1964, no writ); *Gardner v. Associates Inv. Co.*, 171 S.W.2d 381, 384 (Tex.Civ.App.—Amarillo 1943, writ ref'd w. o. m.). The appellees contend in effect that inasmuch as the trial court found that $10,-000.00 was a reasonable amount, that it necessarily follows that the trial court must have found that the 15% stipulated in the note was unreasonable. The appellees further argue that since the trial court specifically found that $10,000.00 was a reasonable amount, that this Court should affirm the trial court's judgment by impliedly finding that the stipulated attorney fees in the note of 15% was unreasonable.

Rule 299 T.R.C.P. provides in part with respect to nonjury trials:

\* \* \* \* \* \*

"The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment."

\* \* \* \* \* \*

We hold that the express findings made by the trial judge cannot extend by implication to cover future independent issuable facts. *Duncan v. Willis*, 157 Tex. 316, 302 S.W.2d 627, 634 (1957); *Gasperson v. Madill National Bank*, 455 S.W.2d 381, 399 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n. r. e.); *McKenzie v. Carte*, 385 S.W.2d 520, 529 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). Appellees cannot ignore the above cited rule. Once the trial court made the specific finding that a certain attorney fee was reasonable, it was their duty to request a further finding concerning their affirmative defense upon which they now rely, i. e., that the stipulated amount in the note was unreasonable. If the single finding were here to be construed as appellees would have us do, there would be no affirmative defense of unreasonableness of attorney fees—only a single issue as to its reasonableness. The Courts do not support this rationale. *Highlands Cable Television Inc. v. Young*; *International Shelters, Inc. v. Corpus Christi State National Bank*; *Fisher v. Howard*; *Twin City Bowling Lanes v. C.I.T. Corporation*; *Gardner v. Associates Inv. Co.* (supra).

The appellee-defendants by cross point urge that the trial court erred in awarding judgment against defendants Ryan, Hernandez and Carrasco as guarantors for the reason that the actual guarantee agreements were never offered nor received in evidence. Therefore, they argue, the judgment for attorney fees should not be against them as individuals.

In a conversation among the trial judge, Bonner, the attorney for all of the defendants (appellees), and Graham, the attorney for plaintiff (appellant), it was stipulated that the guarantee agreements attached to plaintiff's petition were true and correct copies of the originals which were executed by defendants.

"MR. GRAHAM: The only thing, then, Your Honor, would be whether or not there would be a stipulation of the necessity for the plaintiff to show the individual guarantees, unlimited guarantees, by the Defendant Jackson S. Ryan, Moises Carrasco, and F. R. Hernandez.

THE COURT: You represent all the defendants?

MR. BONNER: Yes. All of the exhibits attached to plaintiff's petition are true and correct copies of the originals as executed by the defendants."

Although the specific original guarantee agreements were not formally introduced into evidence, the defendant-guarantors were liable on the note and for the attorney fees by virtue of the extension agreement which was introduced into evidence. Each of the guarantors signed and agreed to the terms of the note in the extension agreement. No one questioned any of the terms of the note in such agreement. One of the guarantors, defendant Hernandez, admitted to its authenticity. There is no question that the evidence before the trial court bound all of the defendants jointly and severally on the note (which has been paid), and the attorney fees, the subject matter of this appeal.

The judgment of the trial court is accordingly reversed, and judgment is here rendered that plaintiff recover $15,887.51 as attorney fees against all the defendants, jointly and severally, with interest thereon at the rate of 9% per annum from the 25th day of April, 1977, and for all costs.

REVERSED AND RENDERED.