F. R. HERNANDEZ CONSTRUCTION &
SUPPLY COMPANY, INC. et al.,

v.

NATIONAL BANK OF COMMERCE OF
BROWNSVILLE, Respondent.

No. B–7635.

Supreme Court of Texas.

March 14, 1979.

Rehearing Denied April 18, 1979.

Bonner & Bonner, William L. Hubbard and Curtis Bonner, Harlingen, for petitioners.

Franklin T. Graham, Jr., Brownsville, for respondent.

DENTON, Justice.

This is a suit to collect principal, interest and attorney's fees on a promissory note. The sole issue here concerns an award of attorney's fees based upon a fixed percentage of the principal and interest due on the note. Specifically, the issue is whether an omitted, unrequested finding that the contractual fee is unreasonable will be supplied by presumption in support of the trial court judgment, if the trial court expressly finds that a lesser fee is reasonable and the omitted finding of unreasonableness is supported by the evidence.

The National Bank of Commerce of Brownsville, respondent here, brought suit as holder of a promissory note executed by Hernandez Construction Company, Inc., et al., petitioners here. The note provided that "in the event that this note is placed into the hands of an attorney for collection . . . an additional fifteen percent (15%) on the amount of principal and interest then owing shall be added to the same as attorney's fees." The trial court rendered judgment in favor of the Bank for principal and interest of $105,916.74 and attorney's fees of $10,000. In response to the Bank's request for findings of fact and conclusions of law, the trial court found that the Bank agreed to pay its attorney 15% of the outstanding principal and interest due on the note as an attorney's fee, and that $10,000 is a reasonable sum for the services rendered by the Bank's attorney.

The Bank appealed, contending that it is entitled to the contractual percentage of fees provided for in the note. The court of civil appeals reversed that part of the trial court's judgment awarding attorney's fees, and rendered judgment for the Bank in the amount of $15,887.51, an amount equal to 15% of the principal and interest due on the note. 564 S.W.2d 499. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Texas courts do not regard agreements to pay attorney's fees based on a percentage of the unpaid balance and interest on a promissory note as absolute promises to pay the contractual amount, but as contracts to indemnify the holder of the note for attorney's expenses actually incurred in collecting the principal and interest on the note. See, e. g., Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960); Brannin v. Richardson, 108 Tex. 112, 185 S.W. 562 (1916); Lanier v. Jones, 104 Tex. 247, 136 S.W. 255 (1911); First National Bank v. Robinson, 104 Tex. 166, 135 S.W. 372 (1911); Highlands Cable Television, Inc. v. Wong, 547 S.W.2d 324 (Tex. Civ.App.—Austin 1977, writ ref'd n. r. e.); see 17 A.L.R.2d 288, 298 (1951) (collected authorities). Consequently, the obligor of the note can challenge the reasonableness of contractual attorney's fees. See, e. g. Kuper v. Schmidt, supra, 338 S.W.2d at 950; Brannin v. Richardson, supra, 185 S.W. at 565; Lanier v. Jones, supra, 136 S.W. at 255; see 18 A.L.R.3d 733, 746 (1968 & Supp. 1978) (collected authorities). Some courts have stated that if the holder of the note agrees to pay the contractual percentage to the attorney employed to collect the note, then the obligor of the note must pay the full contractual amount as indemnity, even if the amount is unreasonable. Frantz v. Masterson, 133 S.W. 740 (Tex.Civ.App.— 1911, writ dism'd); First National Bank of Houston v. J. I. Campbell Co., 52 Tex.Civ. App. 445, 114 S.W. 887 (1908, no writ); Dunovant's Estate v. Stafford & Co., 36 Tex.Civ.App. 33, 81 S.W. 101 (1904, writ ref'd). However, the rule that has emerged

in Texas is that the holder of the note is not entitled to recover the full contractual amount if the obligor of the note shows that the fee should be limited to an amount that is reasonable under the circumstances.[1] *See, e. g., Kuper v. Schmidt, supra,* 338 S.W.2d at 950; *Brannin v. Richardson, supra,* 185 S.W. at 565, *Micrea, Inc. v. Eureka Life Insurance Co.,* 534 S.W.2d 348, 356 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.); *Fisher v. Howard,* 389 S.W.2d 482, 488 (Tex.Civ.App.—Dallas 1965, no writ); *Kost Furniture Co. v. Los Angeles Period Furniture Co.,* 147 S.W.2d 862, 864 (Tex.Civ. App.—Galveston 1941, Dism. Judgm. Cor.). In *Kuper v. Schmidt,* our last expression concerning the issue of contractual attorney's fees, we stated the rule as follows:

It is now settled that as between the legal owner and holder of a promissory note and those who are obligated to pay the same, the former is prima facie entitled to recover the attorney's fees stipulated therein upon the happening of the contingency which makes the same payable. In the absence of an issue affirmatively tendered by the defendant, it is not necessary for the plaintiff to prove an agreement to pay such fee to an attorney or that the same is reasonable. The usual attorney's fee clause is, however, in the nature of a contract of indemnity and cannot be regarded as providing for liquidated damages or a penalty. *Upon a proper showing the holder will be limited to an amount which is reasonable under the circumstances, and may be denied any recovery where it appears that no expense has been incurred as a result of the maker's default.* 338 S.W.2d at 950 (citations omitted). (emphasis added).

■ In order to make a "proper showing" that the fee should be reduced, the obligor must first plead and prove that the contractual fee is unreasonable. *See, e. g., Brannin*

*v. Richardson, supra,* 185 S.W. at 565; *Highlands Cable Television, Inc. v. Wong, supra,* at 327; *International Shelters, Inc. v. Corpus Christi State National Bank,* 475 S.W.2d 334, 336 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Twin City Bowling Lanes, Inc. v. C.I.T. Corporation,* 376 S.W.2d 94, 96 (Tex.Civ.App.—Fort Worth 1964, no writ). To complete the showing, however, the obligor must also prove a lesser amount that is reasonable under the circumstances. *See, e. g., Kuper v. Schmidt, supra,* 338 S.W.2d at 950; *Micrea, Inc. v. Eureka Life Insurance Co., supra,* 534 S.W.2d at 356; *Kost Furniture Co. v. Los Angeles Period Furniture, supra,* 147 S.W.2d at 864. These two elements comprise the affirmative defense of unreasonableness of attorney's fees. *See e. g., Highlands Cable Television, Inc. v. Wong, supra; Micrea, Inc. v. Eureka Life Insurance Co., supra; Gardner v. Associates Investment Co.,* 171 S.W.2d 381 (Tex.Civ.App.—Amarillo 1943, writ ref'd w. o. m.).

■ In their answer, Hernandez pled that "the payment of fifteen (15%) additional as attorney's fees . . . would be an unreasonable amount and not representative of the work involved in the collection of said note." At the nonjury trial, the parties did not dispute that principal and interest in the amount of $105,914.74 was due on the note.[2] The sole disputed issue at trial concerned the reasonableness of the attorney's fees provided for in the note. An officer of the Bank testified that the Bank agreed to pay its attorney the contractual fee for collecting the note. Another witness testified that the $15,000 was an unreasonable amount and that $5,000 would be reasonable under the circumstances. The trial court, after hearing this testimony, initially announced judgment for the Bank "in the amount of $15,916.74 as

---

1. Attorney's fees expended to collect attorney's fees provided for under a promissory note are not recoverable unless the contract between the parties so states. *See Southwest National Bank v. Employers' Indemnity Corporation,* 12 S.W.2d 189 (Tex.Comm'n App.—1929, judgmt. adopted); *Miller v. Bush,* 42 S.W.2d 156 (Tex.

Civ.App.—Waco 1931, writ ref'd); 42 C.J.S. Indemnity § 13 (1944).

2. At the beginning of the trial, Hernandez agreed to tender this amount into the registry of the court. The payment was actually made to the Bank three days later.

agreed to by the parties at the time of entering into the agreement;" however, the court stated that it would accept briefs on the issue of attorney's fees. After studying the briefs submitted by the parties, the trial court set aside its previous judgment and set an evidentiary hearing on the reasonableness of the contractual attorney's fees.

At the hearing, both parties presented evidence. One attorney testified that 15% of the principal and interest due was unreasonable because of the large principal due under the note and the time required for an attorney to collect a note in circumstances similar to those before us. Both parties presented evidence on the amount of time required for an attorney to collect a note and the hourly wage of attorneys employed to collect notes. The Bank's attorney testified on what he did to collect this particular note.

After hearing this testimony, the trial court rendered judgment for the Bank in the amount of $10,000 for attorney's fees. Although the Bank did not request a specific finding concerning the reasonableness of the contractual fee, the trial court found, in response to the Bank's request for other findings of fact and conclusions of law, that "attorney's fees in the sum of $10,000 is reasonable for the services rendered by Plaintiff's attorney." Neither party requested additional findings of fact.

Although the court of civil appeals recognized that Hernandez could challenge the reasonableness of the attorney's fee provided for in the note, it held that the trial court's finding that $10,000 is a reasonable fee does not satisfy Hernandez's burden of proving that $15,000 is an unreasonable fee:

> We hold that the express findings made by the trial court cannot extend by implication to cover future (sic) independent issuable facts. *Duncan v. Willis,* 157 Tex. 316, 302 S.W.2d 627, 634 (1957); *Gasperson v. Madill National Bank,* 455 S.W.2d 381, 399 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); *McKenzie v. Carte,* 385 S.W.2d 520, 529 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). Ap-

pellees cannot ignore the above cited rule. Once the trial court made the specific finding that a certain attorney fee was reasonable, it was their duty to request a further finding concerning their affirmative defense upon which they now rely, i. e., that the stipulated amount in the note was unreasonable. 564 S.W.2d at 502.

We disagree with the court of civil appeals. Rule 299 [3] states the situation in which omitted findings will be presumed from express findings:

> Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. *The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment.* Refusal of the court to make a finding requested shall be reviewable on appeal. [emphasis added]

The trial court expressly found one of the elements of the defense relied on by Hernandez: the lesser fee of $10,000 is a reasonable fee. The other element of the defense is supported by evidence that the contractual fee is unreasonable. A finding of unreasonableness is an "omitted unrequested element" of a defense, "supported by the evidence" and "will be supplied by presumption in support of the judgment." By the express terms of Rule 299, we hold that unreasonableness of a contractual attorney's fee will be presumed from the express trial court finding that a lesser sum is a reasonable fee. Tex.R.Civ.Proc. 299; *see Dewitt v. Brooks,* 143 Tex. 122, 182 S.W.2d 687 (1944); *Bednarz v. State,* 142 Tex. 138, 176 S.W.2d 562 (1943); *Marlow v. Medlin,* 558 S.W.2d 933 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.) (malice presumed from finding of material false misrepresenta-

---

**3.** References to rules are to the Texas Rules of Civil Procedure.

tion); *In Interest of B. J. B and C. E. B,* 546 S.W.2d 674 (Tex.Civ.App.—Texarkana 1977, writ ref'd n. r. e.) ("in child's best interest" presumed from finding that parent's conduct endangered child's wellbeing); *O'Benar v. O'Benar,* 410 S.W.2d 214 (Tex.Civ.App.—Dallas 1966, writ dism'd) ("holding out" element presumed from findings of other two elements of common law marriage); *Paul v. Johnson,* 314 S.W.2d 338 (Tex.Civ.App.—Houston 1958, writ dism'd) (proximate cause presumed from findings of specific acts of negligence).

 We recognize that an express finding of fact cannot extend by implication to cover independent grounds of defense. *See, e. g., Duncan v. Willis,* 157 Tex. 316, 302 S.W.2d 627 (1957); *McKenzie v. Carte,* 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). This rule is not applicable in this cause. Reasonableness and unreasonableness of attorney's fees are not further independent issuable facts.[4] The challenge to the reasonableness of attorney's fees is one ground of defense comprised of two elements: (1) the contractual fee is unreasonable, and (2) a lesser fee is reasonable under the circumstances. *Kuper v. Schmidt, supra; Brannin v. Richardson, supra; Highlands Cable Television, Inc. v. Wong, supra; Micrea, Inc. v. Eureka Life Insurance Co., supra.* Hernandez pled that the contractual fee was unreasonable. At a trial in which the only disputed issue was the reasonableness of the contractual fee, Hernandez presented evidence that the fee was unreasonable and that a lesser fee would be reasonable. At an evidentiary hearing set solely to determine the reasonableness of attorney's fees, evidence was presented showing unreasonableness and a lesser reasonable amount. The question of reasonableness of attorney's fees was squarely before the trial court. In this context, the issue of reasonableness and unreasonableness is so intertwined that a specific finding of a reasonable attorney fee does not then require the obligor of the note to request a specific finding that the contractual fee is unreasonable. See, 4 R. McDonald, Texas Civil Practice § 16.09 (rev. 1971).

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

---

4. The cases relied on by the court of civil appeals are distinguishable from the situation here. In *Duncan v. Willis,* the trial court found that a person voted against consolidation because he was mistaken as to the correct box in which to place his mark. We refused to extend this finding to include a finding that the person voted against consolidation because another person placed marks in the box: "[E]xpress findings made by a trial judge cannot extend to cover further independent issuable facts." 302 S.W.2d at 634. In *McKenzie v. Carter,* the appellant argued that eviction of the lessee was justified because the lessee was engaging in illegal activities on the premises. The court of civil appeals stated: "The trial court did not make any findings concerning any illegal operation or any other finding whatsoever that would lend support to appellants' theory of defense . . . the failure of the appellants to request additional findings of fact effects a waiver of the ground of defense, no element of which has been found." 385 S.W.2d at 529. Unlike the situation before us in this cause, the *Duncan* and *McKenzie* cases involved the presumption of an independent defense completely unrelated to any express finding of the trial court.