TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00470-CV






Hugh L. Caraway, Appellant



v.



Land Design Studio, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 246469-A, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING 






 Appellee Land Design Studio ("Land Design") originally brought suit against Hugh
L. Caraway and Internacional Realty, Inc. ("Realty") to recover an amount due on a promissory
note signed by Caraway, the president of Realty. Land Design moved for summary judgment
against Caraway and Realty. The trial court granted the motion against Caraway, but denied the
motion against Realty. Caraway appeals the trial court's grant of summary judgment on two
grounds: (1) the summary judgment evidence establishes that he was fraudulently induced to sign
the note; and (2) the evidence raises a material fact issue as to whether he signed the note in his
individual capacity. We will affirm the judgment of the trial court.


FACTUAL AND PROCEDURAL BACKGROUND

 Realty hired Land Design to perform landscaping services on an apartment complex
development known as the Deerfield Project, resulting in a debt owed to Land Design for work
completed on the project. Land Design later told Caraway that it needed to remove Realty's
account receivable from Land Design's books in order to continue receiving working capital from
its lender. The parties created a promissory note that essentially replaced Realty's account
receivable. In September 1998, the parties executed the note, which states the following:


In consideration of design services rendered, I (We) Hugh Carraway [sic],
Internacional Realty, Inc. (hereinafter "Debtor") do hereby promise to pay Land
Design Studio (hereinafter "Creditor"), the amount of $42,639.82 . . . .


 * * *


Hugh L. Caraway (Signature) 9/20/98 

Debtor Date 

(Underlining in original.)



The note was to be paid in full no later than March 31, 1999; however, no payment was received. Land Design demanded payment and brought suit in July of 1999 to collect the
amount due. Land Design filed suit against both Realty and Caraway. Land Design moved for
partial summary judgment on the grounds that (1) both Caraway and Realty were liable as makers
on the promissory note, (2) they did not make the full payment by the final due date, and (3) Land
Design made a demand for payment that was not satisfied.

 In response, Caraway and Realty denied liability, asserting several defenses. 
Caraway and Realty claimed that they were fraudulently induced into executing the note by Land
Design's representation that the note would not be due until Realty closed on its Deerfield Project
construction loan. In addition, Caraway denied that he was personally liable for the note because
he did not sign the note in his individual capacity. In support of his defense, Caraway presented
his personal affidavit, which asserted the fraudulent representation by Land Design, and the fact 
that he did not intend to sign the note in his individual capacity. Caraway also relied on an
unsigned contract entered into evidence by Land Design. According to Caraway, the unsigned
contract, created in October 1996, indicates that Land Design knew Caraway acted on behalf of
Realty when he contracted Land Design's services for the Deerfield Project and when he signed
the promissory note. Caraway and Realty also filed a motion for summary judgment against Land
Design; however, the trial court did not reach this motion. 

 The trial court granted Land Design's summary judgment motion against Caraway
individually, but denied Land Design's summary judgment motion against Realty. The trial court
later severed Land Design's claims against Caraway from those against Realty. Caraway appeals
on the ground that the evidence raises a factual issue as to whether he was fraudulently induced
into signing the note. Caraway also appeals the grant of summary judgment on the ground that
a fact issue exists as to whether he signed the note in an individual capacity.


STANDARD OF REVIEW The standards for reviewing a motion for summary judgment are well established: 
(1) the movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is
a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985). The function of summary judgment is not to deprive litigants of the
right to trial by jury, but to eliminate patently unmeritorious claims and defenses. Swilley v.
Hughes, 488 S.W.2d 64, 68 (Tex. 1972).

 Caraway asserts two affirmative defenses: (1) fraud in the inducement, and (2)
agency. To avoid the summary judgment, Caraway must show the existence of an issue of fact
with regard to the fraudulent inducement defense. Town N. Nat'l Bank v. Broaddus, 569 S.W.2d
489, 494 (Tex. 1978). Alternatively, Caraway must establish a fact issue on each element of his
agency defense. Seale v. Nichols, 505 S.W.2d 251, 254 (Tex. 1974). A genuine issue of fact
exists when there is more than a scintilla of evidence to support the position being asserted. 
Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla
of evidence exists when the evidence supporting a finding "rises to the level that would enable
reasonable and fair-minded people to differ in their conclusions." Id.


DISCUSSIONFraudulent Inducement

 As his first point of error, Caraway argues that the trial court erred in granting
summary judgment for Land Design because his evidence established the existence of fraud by
the payee. Caraway asserts fraud in the inducement as an affirmative defense. Caraway,
therefore, has the burden of showing a fact question with respect to this defense. See Broaddus,
569 S.W.2d at 494. In support of his position, Caraway asserts that Land Design expressly
represented to him that the note would not be due until Realty closed on its Deerfield Project
construction loan, thus fraudulently inducing him into signing the note.

 Generally, parol evidence is inadmissable to vary the terms of a promissory note. 
Id. at 491. Caraway correctly maintains that an exception exists when a party seeks to offer parol
evidence to show that a maker was fraudulently induced to sign a note. Not every claim of fraud
in the inducement will suffice, however, to overcome the applicability of the parol-evidence rule. 
Discussing when the parol-evidence rule applies, the court in Broaddus noted that "one rule
prevails when there is only a representation to a maker, or surety, by the payee that he will not
be liable; on the other hand, a different rule prevails in the instance where something more than
just that representation is involved." Id. The court also stated that in those cases where parol
evidence was allowed, "some sort of trick, artifice, or device was employed by the payee in
addition to his representation to the maker that he would not be liable." Id. at 493; see also Tripp
Vill. Joint Venture v. MBank Lincoln Ctr., N.A., 774 S.W.2d 746, 749 (Tex. App.-Dallas 1989,
writ denied) (holding that before extrinsic evidence is admissible, proponent must make showing
of some type of trickery, artifice, or device employed by payee). Therefore, before Caraway may
invoke this exception to the parol-evidence rule, he must show that some type of trickery, artifice,
or device was employed by Land Design in addition to showing that Land Design represented to
him that he would not be liable on the note.

 Caraway's summary judgment proof failed to present any evidence of trickery or
artifice by Land Design. Caraway's only evidence was his repeated assertion in his affidavit (and
two supplemental affidavits) that Land Design promised that the note would not be due until
Realty closed on its construction loan. Even if correct, this is insufficient. As previously stated,
a payee's mere representation to a maker, without some accompanying trickery or artifice, will
not defeat the application of the parol-evidence rule. Id.

 Caraway's claim of fraudulent inducement is further weakened by the fact that the
promissory note itself makes a reference to closing on the loan. The note states: "Should Debtor
close on the property prior to March 31, 1999, payment shall be made within three (3) days of
Debtor's receipt of funds . . . ." As previously noted, the deadline for payment was March 31,
1999. We believe that in this case trickery is unlikely when the note references the event which
Caraway claims is the event triggering his obligation to pay.

 In addition, though he does not raise it as a defense per se, Caraway's claim
concerning the contingency of the construction loan closing date merits further comment. Such
a defense was raised by the appellant in Fisher v. Howard, 389 S.W.2d 482 (Tex. Civ.
App.-Dallas 1965, no writ). In Fisher, the note maker alleged that the payee told him he would
not be liable until he had completed a loan on certain oil and gas leases. In refusing to allow this
extrinsic evidence, the court declared the defense to be untenable and pointed out that "[i]f
extrinsic or parol evidence were admissible to prove such an agreement the note might never
become due, for appellant could decide not to complete the loan, or might find it impossible to
do so, hence appellant might never become liable for payment." Id. at 486. Similarly, were
Caraway to fail in his attempt to secure the construction loan, his obligation to pay would never
arise.

 Because of Caraway's reliance upon the assertions in his affidavit regarding Land
Design's promise and the fact that such evidence is inadmissible under the parol-evidence rule,
Caraway has offered no evidence to raise a genuine issue of material fact. Therefore, we
conclude that no factual question exists as to fraudulent inducement. We overrule Caraway's first
issue.


Agency Defense

 As his second point, Caraway argues that his summary judgment evidence raised
a material fact issue with respect to the capacity in which he signed the note, thereby precluding
summary judgment in Land Design's favor. Caraway contends, as evidenced by his affidavits,
that he never intended to be liable on the note in his individual capacity, but rather signed only
in his representative capacity. Caraway also claims that the unsigned contract between Land
Design and Realty demonstrates that he did not sign the note in his individual capacity. In
response, Land Design asserts that the note itself clearly indicates that both Realty and Caraway
are liable. Land Design points out that Caraway did not indicate on the note that he signed only
as an agent of Realty. According to Land Design, for Caraway to avoid liability, he must show
that he disclosed to them his intent to sign only in a representative capacity.

 Caraway argues that parol evidence is admissible to prove the capacity of the signer
where an instrument names the principal represented but does not show the representative capacity
of the signer. Regardless of the validity of that assertion, it is not applicable to the case at hand. 
"If an instrument sued on clearly shows on its face that it is the obligation of the person who
signed it, parol evidence is not allowed to exempt him from liability, on the ground that he meant
to bind only his principal." Lassiter v. Rotogravure Comm., Inc. 727 S.W.2d 8, 9 (Tex.
App.-Dallas 1986, writ ref'd n.r.e.). Our focus is on a document, which as previously noted,
recites that "In consideration of design services rendered, I (We) Hugh Carraway [sic],
Internacional Realty, Inc. (hereinafter "Debtor") do hereby promise to pay . . . ." We do not
have the instance of a note reflecting the name of the principal only, followed by the signature of
a purported representative, but rather we have a note bearing the name of the signing party,
Caraway, as one of the principals. In addition, the language of the instrument reflects that
payment was promised from more than one source: "In consideration of design services received,
I (We) . . . do hereby promise to pay. . . ." (Emphasis added.) Either "We" refers to both
Caraway and Realty, or exclusively to Realty, which leaves "I" to refer only to Caraway. In
either event, Caraway has assumed liability. The note then bears the signature of "Hugh L.
Caraway, Debtor." Given the language of the instrument, we find that the note, on its face,
clearly obligates Caraway as the maker, or debtor. See Tex. Bus. & Com. Code Ann. § 3.412
(West Supp. 2001); see also Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983) ("If the written
instrument is so worded that it can be given a legal meaning or interpretation, then it is not
ambiguous and the court will construe the contract as a matter of law.").

 Caraway would be in no different a position if the note did not bear his name as
a principal. As previously mentioned, Caraway's signature on the note bears no indication of his
representative capacity. According to section 3.402(b) of the Business and Commerce Code, an
authorized representative who signs his name to an instrument "is liable on the instrument to a
holder in due course that took the instrument without notice that the representative was not
intended to be liable on the instrument if . . . the form of the signature does not show
unambiguously that the signature is made in a representative capacity." Tex. Bus. & Com. Code
Ann. § 3.402(b) (West Supp. 2001) (emphasis added). Accordingly, a person signing a
promissory note is presumed to be personally liable unless he presents a defense. Seale, 505
S.W.2d at 254; A. Duda & Sons, Inc. v. Madera, 687 S.W.2d 83, 85 (Tex. App.-Houston [1st
Dist.] 1985, no writ).

 In his response to Land Design's motion for summary judgment, Caraway used his
affidavit as support for his agency defense. Caraway stated in his affidavit that he had not
intended to sign the note in an individual capacity. This assertion of his subjective intent alone
is not sufficient to defeat a grant of summary judgment. See Seale, 505 S.W.2d at 255. The
intent must be disclosed or communicated to the other party. Id. Under the plain language of
section 3.402(b), the question is whether Land Design had notice that Caraway did not intend to
sign in his individual capacity. See Tex. Bus. & Com. Code Ann. § 3.402(b).

 Caraway does not indicate in his affidavit that he told Land Design he intended to
sign only in an individual capacity. Instead, Caraway asserted in his response to the motion for
summary judgment that Land Design knew he acted only as an agent of Realty when he signed
the note. Caraway based this assertion upon the unsigned contract submitted into evidence by
Land Design.

 The unsigned contract, created in October 1996, cannot be used to show that the
parties understood that Caraway acted only as an agent of Realty when he signed the promissory
note in September 1998. The creation of the note was a wholly separate transaction from the
creation of the unsigned contract, with two years separating the events. What their intentions may
have been at that time of the creation of the contract are irrelevant for the purpose of establishing
the intent of the parties at the time of the creation of the note. The note itself is the best indicator
of intent. Therefore, we conclude that this unsigned contract does not raise a question of fact
sufficient to overcome summary judgment. We cannot speculate on whether Land Design was
aware of Caraway's intention to sign the note as an agent rather than as an individual. Caraway
must present some affirmative evidence that he communicated or disclosed his intent to Land
Design to sign the note as an agent of Realty, and he failed to do this. See Seale, 505 S.W.2d at
255.

 We conclude that the note identifies Caraway as a maker of the note. Moreover,
because the note does not indicate that Caraway signed only in his representative capacity and
because Caraway presents no other evidence that he disclosed his intent to Land Design to sign
the note solely as an agent of Realty, we conclude that no factual question exists as to Caraway's
capacity at the time he signed the note. Therefore, we overrule Caraway's second issue.


CONCLUSION


 Caraway failed to establish a genuine issue of material fact concerning fraudulent
inducement because he did not show trickery or artifice in addition to the representation that the
note would not be due until Realty closed on its construction loan. He has similarly failed to show
the existence of a factual question concerning the capacity in which he signed the promissory note. 
Therefore, the summary judgment of the trial court is affirmed.



 
 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: April 26, 2001

Publish



the instrument, we find that the note, on its face,
clearly obligates Caraway as the maker, or debtor. See T