TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-01-00719-CV







Tracey Suttles; NBC Holdings, Inc.; Orbit Resources, Inc.; and Mopac

Windridge One Ltd., Appellants


v.


Bryan Kastleman and Jon Blum, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN001853, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING






 The issue on appeal is whether a trial court may, without making a record or hearing
additional evidence, rely on summary judgment proof filed in a prior proceeding on the same cause
as a basis for rendering its judgment. Because appellees' summary judgment evidence supported
their entitlement to a contracted-for amount of attorney's fees and to judgment as a matter of law,
and appellants failed, either in their summary judgment response or at trial, to present competent
contradictory evidence, we hold that the trial court did not err in rendering judgment against
appellants. Accordingly, we affirm the district court's judgment.


BACKGROUND

 Appellees Bryan Kastleman and Jon Blum sued Tracey Suttles, NBC Holdings, Inc.,
Orbit Resources, Inc., and Mopac Windridge One Ltd. (collectively "NBC") on a promissory note. 
Kastleman and Blum filed a motion for summary judgment, attaching thereto a copy of the
promissory note. After a series of replies from both sides, the district court granted Kastleman and
Blum's motion and, finding no additional issues to be decided, entered a final judgment. NBC filed
a motion to reconsider or, alternatively, a motion for new trial. The district court granted NBC's
motion in part and denied it in part, reversing its prior order as to attorney's fees but affirming it as
to liability and damages. NBC failed to appear at the subsequent trial and the trial court entered a
default judgment against it, awarding Kastleman and Blum their requested attorney's fees. NBC
appeals the district court's judgment.


DISCUSSION

 In its first issue, NBC contends that the district court erred in awarding Kastleman
and Blum attorney's fees. NBC asserts that, because the district court did not conduct a hearing on
the record or take evidence at the subsequent trial, Kastleman and Blum failed to prove that the
contracted-for attorney's fees were reasonable. And, according to NBC, this lack of a record or
evidentiary support requires reversal of the district court's judgment. It is well-settled law in Texas
that the legal owner and holder of a promissory note is, upon the happening of an agreed
contingency, entitled to recover from the obligor of the note the amount of attorney's fees stipulated
therein. F. R. Hernandez Constr. & Supply Co. v. National Bank of Commerce, 578 S.W.2d 675,
677 (Tex. 1979) (citing Kuper v. Schmidt, 338 S.W.2d 948, 950 (Tex. 1960)). Unless the defendant
affirmatively demonstrates otherwise, it is not necessary for the plaintiff to prove that the contracted-for fees are reasonable. Kuper, 338 S.W.2d at 950. To establish its affirmative defense of
unreasonableness of attorney's fees, "the obligor must first plead and prove that the contractual fee
is unreasonable. To complete the showing, however, the obligor must also prove a lesser amount
that is reasonable under the circumstances." National Bank of Commerce, 578 S.W.2d at 677
(citations omitted).

 Here, appellees and NBC reduced to writing, as evidenced by the promissory note
attached to their summary judgment motion, an agreement between the parties that, "if suit is
brought for collection or enforcement . . . then maker [NBC] shall pay all costs of collection and
enforcement, including reasonable attorney's fees . . . . Reasonable attorney's fees shall be 10% of
all amounts due unless either party pleads otherwise." The summary judgment entered against NBC
awarded Kastleman and Blum damages of $155,550.00, the full amount of the promissory note. 
Thus, at the trial on attorney's fees, NBC had the burden of establishing not only that the amount of
attorney's fees due under the promissory note was unreasonable, but also of proving "a lesser amount
that [was] reasonable under the circumstances" of this case. Id. Although NBC provided an
affidavit asserting that the contracted-for amount of attorney's fees was unreasonable, it failed to
provide any evidence showing (i) that the agreed upon fees were in fact unreasonable and (ii) what
lesser amount was reasonable. Because NBC failed to establish the essential elements of its
affirmative defense of unreasonableness of attorney's fees, the district court was under no obligation
to hear additional evidence before awarding Kastleman and Blum attorney's fees.

 Assuming, however, that there must be evidence to support the district court's
judgment, we nonetheless disagree with NBC's contention that Kastleman and Blum's summary
judgment evidence fails to establish the reasonableness of the award of attorney's fees. Texas law
provides that reasonable attorney's fees are recoverable from an individual or corporation, in
addition to the amount of a valid claim and costs, "if the claim is for an oral or written contract." 
Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 1997). There is a presumption that the usual
and customary attorney's fees for a claim under section 38.001 are reasonable. Id. § 38.003; see also
Woollett v. Matyastik, 23 S.W.3d 48, 53 (Tex. App.--Austin 2000, pet. denied) (recognizing that
there is a "rebuttable presumption that the usual and customary attorney's fees for section 38.001
claims are reasonable"). Section 38.004 provides that a "court may take judicial notice of the usual
and customary attorney's fees and of the contents of the case file without receiving further evidence
in a proceeding before the court." Tex. Civ. Prac. & Rem. Code Ann. § 38.004(a); see also Gill Sav.
Ass'n v. Chair King, Inc., 797 S.W.2d 31, 32 (Tex. 1990) ("The trial court's own proceedings
together with the fact that it may take judicial notice of usual and customary fees constitute some
evidence to support the award of appellate attorney's fees."). In interpreting and applying these
provisions, we are cognizant of the legislative mandate to liberally construe chapter 38 "to promote
its underlying purpose." See Tex. Civ. Prac. & Rem. Code Ann. § 38.005.

 Here, the district court based its judgment upon Kastleman and Blum's original
motion for summary judgment and the proof attached thereto. Applying the aforementioned
provisions, we hold that the district court properly considered the affidavits, promissory note, and
summary judgment order contained in the case file. Because the case file contains no evidence to
rebut the reasonableness of the attorney's fees as provided for in the promissory note, we further hold
that the district court did not err in entering judgment in favor of Kastleman and Blum. Accordingly,
we overrule NBC's first issue.

 NBC's second issue challenges the propriety of the district court's granting of
summary judgment in favor of Kastleman and Blum. Specifically, NBC alleges that it raised issues
of fact regarding its affirmative defense of fraud in the inducement. The standard for reviewing a
motion for summary judgment is well established: (1) the movant for summary judgment has the
burden of showing that no genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its
favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Once the movant
establishes its entitlement to a summary judgment, the burden of proof shifts to the non-movant to
present evidence raising a question of fact in support of its claim or defense. State v. Durham, 860
S.W.2d 63, 68 (Tex. 1993). Mere conclusory statements do not constitute effective summary
judgment proof. Abbott Labs., Inc. v. Segura, 907 S.W.2d 503, 508 (Tex. 1995).

 By way of pleadings and proper summary judgment proof, Kastleman and Blum
demonstrated their entitlement to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Town
N. Nat'l Bank v. Broaddus, 569 S.W.2d 489, 494 (Tex. 1978). In opposition, NBC asserted the
affirmative defense of fraud in the inducement, i.e., NBC claims that Kastleman and Blum
fraudulently induced NBC into signing the promissory note. To avoid a summary judgment in favor
of Kastleman and Blum, it was NBC's burden as defendant to show the existence of an issue of fact
with respect to its defensive claim of fraud in the inducement. See Broaddus, 569 S.W.2d at 494. 
Attempting to satisfy this burden, NBC asserted that, by representing that they would not enforce the
promissory note, Kastleman and Blum induced NBC to execute the promissory note. As proof, NBC
attached to its summary judgment response copies of correspondence between the parties and
recounted in an affidavit certain oral representations allegedly made by Kastleman and Blum.

 In determining parties' contractual rights, parol evidence is generally inadmissible. 
See Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280, 283 (Tex. 1996) ("Only after a
contract is found to be ambiguous may parol evidence be admitted for the purpose of ascertaining
the true intentions of the parties expressed in the contract."). An exception to the parol-evidence rule
exists that permits extrinsic evidence to show fraud in the inducement of a contract. See Broaddus,
569 S.W.2d at 491. Before NBC may invoke this exception to the parol-evidence rule, however, it
must show that Kastleman and Blum (i) represented to NBC that NBC would not be liable on the
note and (ii) employed some type of trickery, artifice, or device. See id. at 493 (stating that common
element of "Texas decisions involving promissory notes in which fraud in the inducement was
recognized as an exception to the parol evidence rule" is the element of trickery or deception); see
also Caraway v. Land Design Studio, 47 S.W.3d 696, 698 (Tex. App.--Austin 2001, no pet.). 
Viewing the evidence in the light most favorable to NBC, its summary judgment proof alleges only
that Kastleman and Blum represented that they would not enforce the promissory note. Absent
evidence showing that they employed trickery or fraud, however, NBC cannot introduce parol
evidence to support its claim. That the parties might have contemplated future business dealings or
considered altering future commission percentages in exchange for amending a current contract
evidences business negotiations--not, as NBC contends, that Kastleman and Blum engaged in fraud
or trickery. None of NBC's evidence demonstrates that Kastleman and Blum used fraud or trickery,
nor does it raise a fact question on its claim of fraud in the inducement. Therefore, we overrule
NBC's second issue and hold that the district court properly granted summary judgment in favor of
Kastleman and Blum.


CONCLUSION

 Because NBC failed to rebut the reasonableness of the contracted-for attorney's fees,
the district court properly entered judgment in favor of Kastleman and Blum. Also, NBC's failure
to satisfy the two-part test regarding the parol-evidence-rule exception precludes consideration of
its extrinsic evidence for purposes of the summary judgment motion. The district court correctly
determined that NBC failed to raise a genuine issue of material fact; thus, it properly granted
summary judgment in favor of Kastleman and Blum. For these reasons, we overrule NBC's two
issues and affirm the district court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: July 26, 2002

Do Not Publish