# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00719-CV

**Tracey Suttles; NBC Holdings, Inc.; Orbit Resources, Inc.; and Mopac Windridge One Ltd., Appellants**

**v.**

**Bryan Kastleman and Jon Blum, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. GN001853, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

The issue on appeal is whether a trial court may, without making a record or hearing additional evidence, rely on summary judgment proof filed in a prior proceeding on the same cause as a basis for rendering its judgment. Because appellees= summary judgment evidence supported their entitlement to a contracted-for amount of attorney=s fees and to judgment as a matter of law, and appellants failed, either in their summary judgment response or at trial, to present competent contradictory evidence, we hold that the trial court did not err in rendering judgment against appellants. Accordingly, we affirm the district court=s judgment.

## BACKGROUND

Appellees Bryan Kastleman and Jon Blum sued Tracey Suttles, NBC Holdings, Inc., Orbit Resources, Inc., and Mopac Windridge One Ltd. (collectively ANBC@) on a promissory note. Kastleman and Blum filed a motion for summary judgment, attaching thereto a copy of the promissory note. After a series of replies from both sides, the district court granted Kastleman and Blum=s motion and, finding no additional issues to be decided, entered a final judgment. NBC filed a motion to reconsider or, alternatively, a motion for new trial. The district court granted NBC=s motion in part and denied it in part, reversing its prior order as to attorney=s fees but affirming it as to liability and damages. NBC failed to appear at the subsequent trial and the trial court entered a default judgment against it, awarding Kastleman and Blum their requested attorney=s fees. NBC appeals the district court=s judgment.

## DISCUSSION

In its first issue, NBC contends that the district court erred in awarding Kastleman and Blum attorney=s fees. NBC asserts that, because the district court did not conduct a hearing on the record or take evidence at the subsequent trial, Kastleman and Blum failed to prove that the contracted-for attorney=s fees were reasonable. And, according to NBC, this lack of a record or evidentiary support requires reversal of the district court=s judgment. It is well-settled law in Texas that the legal owner and holder of a promissory note is, upon the happening of an agreed contingency, entitled to recover from the obligor of the note the amount of attorney=s fees stipulated therein. *F. R. Hernandez Constr. & Supply Co. v. National Bank of Commerce*, 578 S.W.2d 675, 677 (Tex. 1979) (citing *Kuper v. Schmidt*, 338 S.W.2d 948, 950 (Tex. 1960)). Unless the defendant affirmatively demonstrates otherwise, it is not necessary for the plaintiff to prove that the contracted-for fees are reasonable. *Kuper*, 338 S.W.2d at 950. To establish its

affirmative defense of unreasonableness of attorney=s fees, Athe obligor must first plead and prove that the contractual fee is unreasonable. To complete the showing, however, the obligor must also prove a lesser amount that is reasonable under the circumstances.@ *National Bank of Commerce*, 578 S.W.2d at 677 (citations omitted).

Here, appellees and NBC reduced to writing, as evidenced by the promissory note attached to their summary judgment motion, an agreement between the parties that, Aif suit is brought for collection or enforcement . . . then maker [NBC] shall pay all costs of collection and enforcement, including reasonable attorney=s fees . . . . Reasonable attorney=s fees shall be 10% of all amounts due unless either party pleads otherwise.@ The summary judgment entered against NBC awarded Kastleman and Blum damages of $155,550.00, the full amount of the promissory note. Thus, at the trial on attorney=s fees, NBC had the burden of establishing not only that the amount of attorney=s fees due under the promissory note was unreasonable, but also of proving Aa lesser amount that [was] reasonable under the circumstances@ of this case. *Id.* Although NBC provided an affidavit asserting that the contracted-for amount of attorney=s fees was unreasonable, it failed to provide any evidence showing (i) that the agreed upon fees were in fact unreasonable and (ii) what lesser amount was reasonable. Because NBC failed to establish the essential elements of its affirmative defense of unreasonableness of attorney=s fees, the district court was under no obligation to hear additional evidence before awarding Kastleman and Blum attorney=s fees.

Assuming, however, that there must be evidence to support the district court=s judgment, we nonetheless disagree with NBC=s contention that Kastleman and Blum=s summary judgment evidence fails to establish the reasonableness of the award of attorney=s fees. Texas law provides that reasonable attorney=s

**3**

fees are recoverable from an individual or corporation, in addition to the amount of a valid claim and costs, Aif the claim is for an oral or written contract.@ Tex. Civ. Prac. & Rem. Code Ann. ' 38.001(8) (West 1997). There is a presumption that the usual and customary attorney=s fees for a claim under section 38.001 are reasonable. *Id.* ' 38.003; *see also Woollett v. Matyastik*, 23 S.W.3d 48, 53 (Tex. App.CAustin 2000, pet. denied) (recognizing that there is a Arebuttable presumption that the usual and customary attorney=s fees for section 38.001 claims are reasonable@). Section 38.004 provides that a Acourt may take judicial notice of the usual and customary attorney=s fees and of the contents of the case file without receiving further evidence in a proceeding before the court.@ Tex. Civ. Prac. & Rem. Code Ann. ' 38.004(a); *see also Gill Sav. Ass=n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex. 1990) (AThe trial court=s own proceedings together with the fact that it may take judicial notice of usual and customary fees constitute some evidence to support the award of appellate attorney=s fees.@). In interpreting and applying these provisions, we are cognizant of the legislative mandate to liberally construe chapter 38 Ato promote its underlying purpose.@ S*ee* Tex. Civ. Prac. & Rem. Code Ann. ' 38.005.

Here, the district court based its judgment upon Kastleman and Blum=s original motion for summary judgment and the proof attached thereto. Applying the aforementioned provisions, we hold that the district court properly considered the affidavits, promissory note, and summary judgment order contained in the case file. Because the case file contains no evidence to rebut the reasonableness of the attorney=s fees as provided for in the promissory note, we further hold that the district court did not err in entering judgment in favor of Kastleman and Blum. Accordingly, we overrule NBC=s first issue.

NBC≠s second issue challenges the propriety of the district court≠s granting of summary judgment in favor of Kastleman and Blum. Specifically, NBC alleges that it raised issues of fact regarding its affirmative defense of fraud in the inducement. The standard for reviewing a motion for summary judgment is well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Once the movant establishes its entitlement to a summary judgment, the burden of proof shifts to the non-movant to present evidence raising a question of fact in support of its claim or defense. *State v. Durham*, 860 S.W.2d 63, 68 (Tex. 1993). Mere conclusory statements do not constitute effective summary judgment proof. *Abbott Labs., Inc. v. Segura*, 907 S.W.2d 503, 508 (Tex. 1995).

By way of pleadings and proper summary judgment proof, Kastleman and Blum demonstrated their entitlement to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Town N. Nat≠l Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex. 1978). In opposition, NBC asserted the affirmative defense of fraud in the inducement, *i.e.*, NBC claims that Kastleman and Blum fraudulently induced NBC into signing the promissory note. To avoid a summary judgment in favor of Kastleman and Blum, it was NBC≠s burden as defendant to show the existence of an issue of fact with respect to its defensive claim of fraud in the inducement. *See Broaddus*, 569 S.W.2d at 494. Attempting to satisfy this burden, NBC

asserted that, by representing that they would not enforce the promissory note, Kastleman and Blum induced NBC to execute the promissory note. As proof, NBC attached to its summary judgment response copies of correspondence between the parties and recounted in an affidavit certain oral representations allegedly made by Kastleman and Blum.

In determining parties= contractual rights, parol evidence is generally inadmissible. *See Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 283 (Tex. 1996) (AOnly after a contract is found to be ambiguous may parol evidence be admitted for the purpose of ascertaining the true intentions of the parties expressed in the contract.@). An exception to the parol-evidence rule exists that permits extrinsic evidence to show fraud in the inducement of a contract. *See Broaddus*, 569 S.W.2d at 491. Before NBC may invoke this exception to the parol-evidence rule, however, it must show that Kastleman and Blum (i) represented to NBC that NBC would not be liable on the note *and* (ii) employed some type of trickery, artifice, or device. *See id.* at 493 (stating that common element of ATexas decisions involving promissory notes in which fraud in the inducement was recognized as an exception to the parol evidence rule@ is the element of trickery or deception); *see also Caraway v. Land Design Studio*, 47 S.W.3d 696, 698 (Tex. App.CAustin 2001, no pet.). Viewing the evidence in the light most favorable to NBC, its summary judgment proof alleges only that Kastleman and Blum represented that they would not enforce the promissory note. Absent evidence showing that they employed trickery or fraud, however, NBC cannot introduce parol evidence to support its claim. That the parties might have contemplated future business dealings or considered altering future commission percentages in exchange for amending a current contract evidences business negotiationsCnot, as NBC contends, that Kastleman and Blum engaged in fraud or

**6**

trickery. None of NBC=s evidence demonstrates that Kastleman and Blum used fraud or trickery, nor does it raise a fact question on its claim of fraud in the inducement. Therefore, we overrule NBC=s second issue and hold that the district court properly granted summary judgment in favor of Kastleman and Blum.

## CONCLUSION

Because NBC failed to rebut the reasonableness of the contracted-for attorney=s fees, the district court properly entered judgment in favor of Kastleman and Blum. Also, NBC=s failure to satisfy the two-part test regarding the parol-evidence-rule exception precludes consideration of its extrinsic evidence for purposes of the summary judgment motion. The district court correctly determined that NBC failed to raise a genuine issue of material fact; thus, it properly granted summary judgment in favor of Kastleman and Blum. For these reasons, we overrule NBC=s two issues and affirm the district court=s judgment.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: July 26, 2002

Do Not Publish

7